**1014**

In the Matter of George Milton
CASE, Debtor.

CITIZENS BANK & TRUST COMPANY,
Appellee/Cross–Appellant,

v.

David C. CASE, as Administrator of the
Estate of George Milton Case, substitut-
ed in place and stead of George Milton
Case, deceased, and Steve H. Smith, Ap-
pellants/Cross–Appellees.

In the Matter of George Milton
CASE, Debtor.

CITIZENS BANK & TRUST
COMPANY, Appellee,

v.

David C. CASE, as Administrator of the
Estate of George Milton Case, substitut-
ed in place and stead of George Milton
Case, deceased, and Steve H. Smith, Ap-
pellants.

Nos. 90–1464, 90–1726.

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1991.

Steve H. Smith, Jackson, Miss., pro se.

Dalton McBee, Jr., Thompson, Alexander & Crews, Jackson, Miss., for appellee cross-appellant.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

CLARK, Chief Judge:

## I

George Milton Case[1] and Steve Smith appeal the judgment of the district court affirming the bankruptcy court's adjudication of a dispute concerning a promissory

---

**1.** Mr. Case died during the pendency of this appeal. His nephew, David C. Case, was substituted as his personal representative in accordance to Fed.R.App.P. 43(c).

note and on an alleged oral agreement. They also appeal the bankruptcy court's award of sanctions and the district court's award of sanctions. Citizens Bank and Trust Company (Bank) also cross-appeals the district court's determination of the bankruptcy court sanctions issue. We affirm in part and reverse in part and vacate the district court's order granting sanctions against Smith.

## II

In 1984, Case, a Mississippi attorney, filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. As part of his reorganization plan, Case settled a $280,000.00 claim by the Bank by executing a $75,000.00 promissory note to the Bank. During the settlement negotiations, the president of the Bank and Case discussed the possibility of Case repaying some or all of the value of the $75,000 note by providing legal services to the Bank.

The execution of the note was approved by the bankruptcy court and provided for in the settlement agreement and the confirmed plan of reorganization entered by the bankruptcy court in January, 1986. In September 1987, the bankruptcy court entered an order deeming the plan "consummated" and closing the estate.

Case became delinquent on his interest payments and, in January 1988, the Bank made a demand for the balance of the note. On February 1, 1988, the Bank filed suit in state court alleging default under state law. Case answered that the Bank had fraudulently induced him to make the settlement with oral promises that he could satisfy the note by providing legal services to the Bank. Case also counterclaimed for $116,250.00 for breach of contract.

The Bank then petitioned the bankruptcy court to reopen the estate. Case objected. The bankruptcy court reopened the estate and the Bank moved for a declaratory judgment, injunction against Case's counterclaim in state court, and sanctions. After a two-day trial, the bankruptcy court found that no agreement existed between Case and the Bank concerning satisfaction of the note by Case's professional services and that Case had raised the claim solely for the improper purpose of delaying the bank's collection on the note. The bankruptcy court entered a judgment for the Bank for all amounts due on the note. The bankruptcy court also granted sanctions in the form of attorney's fees of $32,022.95, representing the Bank's reasonable fees in the bankruptcy proceeding and the collateral state court action. The bankruptcy court based the award on (1) the attorney's fees provision of the promissory note, (2) Bankruptcy Rule 9011, (3) 28 U.S.C. § 1927, and (4) the "inherent equitable powers of the court." These sanctions were levied against Case and Steve Smith, his attorney in the bankruptcy proceeding, jointly and severally. The court also held that the sanctions were non-dischargeable.

Case appealed to the district court. The district court held that the reopening of the bankruptcy estate was proper and that the bankruptcy court's finding that there was no agreement about the repayment of the note by legal services was not erroneous. The district court affirmed the attorney's fees award against Case under the attorney's fees provision of the note and pursuant to the bankruptcy court's inherent power. The court also affirmed the award against Smith under § 1927, the court's inherent power and Rule 9011. The district court held that the bankruptcy court erred in awarding sanctions against Case under § 1927 because he was not "acting as his own attorney in the instant proceedings" and that Bankruptcy Rule 9011 applied only to Smith and covered only the Bank's expenses incurred after Smith filed his initial pleading with the bankruptcy court. The district court remanded the sanctions issue to the bankruptcy court for a recomputation of the sanctions under Rule 9011 and for a determination that the amount awarded constituted the least severe sanction adequate for Rule 9011 purposes.

The bankruptcy court concluded that $24,588.57 of the sanctions award represented the Bank's reasonable fees in connection with the bankruptcy court proceeding and that this sanction was the least severe sanction adequate to accomplish the

goals of Rule 9011. The bankruptcy court further concluded that the entire $32,022.95 should be awarded against Smith under § 1927 and the equitable power of the court. The district court then entered its judgment affirming the bankruptcy court's award. Case and his attorney filed a notice of appeal. After the notice of appeal was filed, the Bank filed a motion with the district court for sanctions under FED.R. CIV.P. 11 for a frivolous appeal which the district court granted. Case and his attorney filed a notice of appeal from the district court's order granting Rule 11 sanctions. Both appeals were consolidated for argument.

### III

Case [2] and Smith raise several issues on appeal. Case claims that the bankruptcy court erred in reopening the estate and that the adjudication of the substantive issues in this case is not "core proceedings" within the jurisdiction of the bankruptcy court. Both appellants claim that the district court erred in affirming the bankruptcy court's levy of attorney's fees as sanctions and erred in affirming the bankruptcy court's determination that the sanctions are not dischargeable under 11 U.S.C. § 721. Smith claims that the district court erred in awarding Rule 11 Sanctions for a frivolous appeal. The Bank's crossappeal claims that the district court did not have jurisdiction to examine the sanctions awarded against Smith since he did not personally file a notice of appeal from the sanction award and that the district court erred in reversing the § 1927 sanctions award against Case.

### A. Reopening the Estate

Case claims that the district court erred in concluding that the bankruptcy court properly reopened the bankruptcy estate in order to adjudicate the dispute over the note and alleged oral agreement. He claims that the bankruptcy court's decision was not timely made and that the reason

for reopening the estate was not compelling. Case is incorrect.

■■■ 11 U.S.C. § 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The phrase "or other cause" as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown. *See In re Rosinski*, 759 F.2d 539, 540–41 (6th Cir.1985), *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir.1984). This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings. *Hawkins*, 727 F.2d at 326, *In re Towns*, 16 B.R. 949 (Bkrtcy.N.D. Iowa 1982). The longer the time between the closing of the estate and the motion to reopen, however, the more compelling the reason for reopening the estate should be. *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir.1962). Our review of the bankruptcy court's decision to reopen an estate or proceeding is governed by the abuse of discretion standard.

■■■ In this case the district court concluded that the bankruptcy court's decision to reopen the case was both timely and proper. The court reasoned that the motion to reopen the case was filed only two months after Case first asserted that the Bank had agreed to let him satisfy the balance of the note with his services. Although this was seven months after the bankruptcy court's order closing the case, the district court concluded that it was a timely response to a challenge to an integral part of the reorganization plan and that it was necessary to reopen the case to determine if the express provisions of the note and the plan should be altered. The district court concluded that this was sufficiently compelling to warrant the reopening of the case. The district court's reasoning is persuasive. The bankruptcy court did

---

**2.** In the remainder of this opinion, David C. Case, the personal representative of George Mil-

ton Case, is the party referred to as Case.

not abuse its discretion in reopening the case.

## B. Core Proceeding

■ Case claims that the district court erred in affirming the bankruptcy court's conclusion that the instant action is a "core proceeding" which may be fully adjudicated by the bankruptcy court in the first instance. He argues that the resolution of the substantive issues in this case depends on state law and that pursuant to our holding in *Matter of Wood*, 825 F.2d 90 (1987), the bankruptcy court is without jurisdiction under 28 U.S.C. § 157 to adjudicate the case or enter a final judgment. We disagree.

28 U.S.C. § 157 was enacted in response to the Supreme Court's decision in *Northern Pipeline Constr. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which held that the jurisdictional provision of the 1978 Bankruptcy Reform Act unconstitutionally delegated Article III judicial authority and power to the bankruptcy courts. Section 157 limits the bankruptcy courts' power to fully adjudicate a case to "all core proceedings arising under title 11, or arising under a case under title 11." If a proceeding is not a core proceeding, § 157(c)(1) allows the bankruptcy court to conduct a preliminary hearing and submit proposed findings of fact and conclusions of law to the district court which will review the matter *de novo*.

In *Matter of Wood* we ruled that "a proceeding is core under [§] 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood*, 825 F.2d at 97. Section 157(b)(2) provides a non-exclusive list of examples of core proceedings.[3] The district court found that this action was properly adjudicated as a core proceeding because it involved "the administration of the estate" under § 157(b)(2)(A) and because it was as a "proceeding affecting ... the adjustment of the debtor-creditor ... relationship" under § 157(b)(2)(O). The district court's characterization of the issue is correct.

*Marathon* and *Wood* both involved causes of action which were independent and antecedent to the bankruptcy petition. In *Marathon*, the debtor sought to recover contract damages on a pre-bankruptcy contract by suing the defendant in bankruptcy court. The Court held that the debtor's efforts "to augment its estate" were in essence private rights and were not a part of the public rights which might be adjudicated in bankruptcy court. *Marathon*, 458 U.S. at 72, 102 S.Ct. at 2872. In *Wood*, the plaintiffs sought to recover for an alleged wrongful stock issuance which occurred prior to and independent of the bankruptcy

---

3. Section 157(b)(2) states:
 Core proceedings include, but are not limited to—
 (A) matters concerning the administration of the estate;
 (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
 (C) counterclaims by the estate against persons filing claims against the estate;
 (D) orders in respect to obtaining credit;
 (E) orders to turn over property of the estate;
 (F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;
(H) proceedings to determine, avoid, or recover fraudulent conveyances;
(I) determinations as to the dischargeability of particular debts;
(J) objections to discharges;
(K) determinations of the validity, extent, or priority of liens;
(L) confirmations of plans;
(M) orders approving the use or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

petition.[4] *Wood*, 825 F.2d at 92–94. The dispute at issue here cannot be severed from the remainder of the bankruptcy court proceedings. The promissory note though satisfying a pre-bankruptcy debt, was confected in the general negotiations seeking to settle all claims against the estate and was necessary to the formulation of a reorganization plan which was acceptable to all creditors. The note was provided for in, and executed as an integral part of, the settlement agreement and reorganization plan which was confirmed by the bankruptcy court. Moreover, if Case's allegations had proved meritorious, the agreement to satisfy the promissory note with services would have altered the express terms of the reorganization plan and would have constituted an "adjustment of the debtor-creditor relationship" under § 157(b)(2)(O).

That the validity of the alleged oral agreement raises issues of state law is not dispositive. Section 157(b)(3) provides: "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." Accordingly, "[t]he relevant inquiry is whether the nature of the adversary proceeding, rather than the state or federal basis for the claim, falls within the core of bankruptcy power." *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1389 (2nd Cir.1990) (citing *Wood*). This dispute clearly "affects the distribution of the debtor's assets" and is appropriately a core proceeding under § 157. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 190 (5th Cir.1990).

## C. Sanctions

### 1. Notice of Appeal

■ The Bank claims that the district court erred in reviewing the attorney's fees awarded as sanctions against Smith because the notice of appeal from the bankruptcy court's judgment did not list him as an appellant but only as Case's attorney. Since this claim is jurisdictional in nature, we examine it at the outset of our review of the sanctions award. The Bank relies on *Mylett v. Jeane*, 879 F.2d 1272 (5th Cir. 1989), for the proposition that an attorney against whom sanctions are levied must appeal the sanction in his own name as the real party in interest. The bank further argues that under *Torres v. Oakland Scavenger Company*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the attorney's failure to list himself as a party on the notice of appeal deprived the district court of jurisdiction to examine the award levied against him. We conclude that the specificity requirement set out in *Torres* is inapplicable to a notice of appeal from a bankruptcy court judgment or order.

In *Mylett*, this court held that when sanctions run only against the attorney, a notice of appeal listing the attorney's client is insufficient to confer jurisdiction on this court to review the sanction against the attorney who, with respect to the sanction, is the only real party in interest. *Mylett*, 879 F.2d at 1272. In this case however, the bankruptcy court awarded the attorney's fees as sanctions against Case and Smith jointly and severally, designating four bases for the award: the attorney's fees provision in the promissory note, Bankruptcy Rule 9011; 28 U.S.C. § 1927, and "the inherent equitable power of the court." The bankruptcy court made no attempt to differentiate between the actions of Case and his attorney or to indicate which legal bases for the sanctions applied to each. It is clear that the timely notice of appeal listing Case as a party brought all of the issues before the district court for review. It is also uncontested that the notice of appeal

---

**4.** Two other cases in which this circuit determined issues to be non-core, involved claims which were independent of or antecedent to, the bankruptcy proceedings. In *Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979 (5th Cir.1990), a borrower's lender liability and Bank Tying Act claims were determined to be personal and thus separate from his co-borrower's claims which were previously adjudicated in bankruptcy court. In *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183 (5th Cir.1990), RICO claims brought by a seller against the shareholders, officers, and agents of a bankrupt buyer's parent corporation were not core because the claims were not against the debtor or the estate and did not affect the distribution of the debtor's assets.

was intended to cover the sanctions award against both Case and Smith and that the district court construed it as such. Thus the issue to be resolved is whether the failure of Smith to designate himself as an appellant in the notice of appeal bars the district court from examining the sanctions awarded against him personally.

*Mylett* relied in part on *Torres.* In *Torres,* the Supreme Court determined that a literal reading of FED.R.APP.P. 3(c) required each party wishing to appeal a final judgment or order of the district court to be named specifically in a timely notice of appeal. *Torres,* 108 S.Ct. at 2409. Rule 3(c) provides in pertinent part: "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." The *Torres* Court concluded that the Rule 3(c) is jurisdictional in nature and the failure to comply with its specificity requirement invokes a strict rule of forfeiture which denies an individual party's right to appeal.

Bankruptcy Rule 8001 governs the manner in which a bankruptcy court judgment or order is appealed to the district court. Although modelled after FED.R.APP.P. 3, Rule 8001 mandates different requirements for the contents of a valid notice of appeal. Rule 8001 provides that the notice of appeal "shall contain the names of all parties to the judgment, order or decree appealed from and the names and telephone numbers of their respective attorneys and be accompanied by the required fee." While FED.R.APP.P. 3(c) requires that "[t]he notice of appeal shall specify the party or parties taking the appeal," Rule 8001 requires only that the notices "contain" the names of all parties and their attorneys. This is materially different. Rule 8001 lacks the "specify" requirement that Torres concluded was the essence of FED.R.APP.P. 3(c). We give the term "parties" as used in Rule 8001 its ordinary and plain meaning. Rule 8001 uses the term "parties" to refer to the litigants involved in the particular judgment which does not include their attorneys, who are separately required to be listed in the notice of appeal by following

clause of Rule 8001. The advisory committee note to Rule 8001 supports this construction. It states that: "[s]ubdivision (a) and (b) require that a notice of appeal be filed whenever a *litigant* seeks to secure appellate review." (Emphasis added.) Congress did not intend that an attorney representing a litigant, though made a "party in interest" in the judgment by virtue of a sanctions award, to have to specifically name himself as a party appealing a joint and several judgment under Rule 8001.

The notice of appeal at issue here complied with every express requirement of Rule 8001. The notice of appeal contains the names of Case and the Bank, both designated as parties, and the names of their respective attorneys as well as the judgment appealed from. The district court did not err in reviewing the sanctions award against Smith.

2. Sanctions against Case

■ The district court affirmed the bankruptcy court's award of sanctions against Case on two bases: the attorney's fees provision in the promissory note and the inherent power of the district court. Case contends that the award was an abuse of the bankruptcy court's discretion. We do not agree.

The promissory note which Case executed in favor of the Bank contains the following provision:

ATTORNEYS FEES AND COSTS OF COLLECTION: I will pay your reasonable attorney's fees and costs of collection incurred to collect this note on default.

This provision is unambiguous. Case raises no claim which calls into question the validity of this provision. The district court did not err in affirming the bankruptcy court's award of $32,022.95, representing the reasonable attorney's fees in both the prior state court proceeding and the bankruptcy court adjudication, on this basis. Because we conclude that the attorney's fees award was properly levied against Case on the basis of the provision

in the promissory note, we pretermit any discussion of the Bank's cross claim that the district court erred in concluding that 28 U.S.C. § 1927 is an improper basis for sanctions against Case.

### 3. Sanctions against Attorney, Smith

The district court affirmed the bankruptcy court's award of sanctions against Smith on three bases. The court concluded that Bankruptcy Rule 9011 supported the award of fees which were incurred in bankruptcy court, $24,588.57, and that the entire $32,022.95 could be levied against Smith under 28 U.S.C. § 1927 and the inherent equitable power of the court. Smith argues that the award on all of the bases was an abuse of discretion. He points out that Case's position in this action was wholly defensive and that the defense survived a summary judgment motion and was only determined to be without merit after a two-day trial. He argues that none of the stated bases support the award and that it is improper to award sanctions simply because the defense proved unsuccessful. We conclude that the district court properly affirmed the sanctions award against Smith for fees incurred in the bankruptcy proceeding. However, there is no valid basis for the portion of the award against Smith for fees which the Bank incurred in the collateral state court proceeding.

At the close of trial, the bankruptcy court concluded that Case's allegation of an oral agreement to satisfy the note with his services had no basis in fact or law. The court concluded that the only real evidence of the oral agreement were off-hand comments made in the course of negotiations between Case and a Bank official and that

Case never apprised the bankruptcy court of the alleged oral agreement in connection with the reorganization plan. The bankruptcy court further concluded that Case's claim about the oral agreement "was interposed as a defense in this action, [and] as a counterclaim in the Madison County Court action, for the improper purpose of harassing the Bank, to delay these proceedings, and to deny the Bank the benefit of a settlement it reached with [Case]...." The district court concluded that the bankruptcy court's findings were not clearly erroneous. We do so as well.

### Rule 9011

 Bankruptcy Rule 9011 is substantially identical to FED.R.CIV.P. 11.[5] Like Rule 11, Bankruptcy Rule 9011 ties sanctions to an attorney's signature on a particular pleading or document which is filed with the court. Citing our opinion in *Thomas v. Capital Security Service Inc.*, 836 F.2d 866, 875 (5th Cir.1988), the district court concluded that Rule 9011 sanctions were tied to an attorney's signature on a particular document filed with the court for an improper purpose. The court further concluded that, since the entire defense was frivolous and imposed for the improper purpose of delaying the Bank's collection on the note, the sanctions representing the Bank's attorney's fees in the bankruptcy court could be awarded under Rule 9011. The district court reasoned that every document filed by Smith was premised on this improper purpose. Thus, all fees and expenses and after the first filing Smith made in bankruptcy court were properly awarded. The Court also concluded that Rule 9011 did not reach conduct occurring before the filing of a document in the bank-

---

5. Rule 9011 states in pertinent part:

> (a) Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, ... shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated.... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing

> law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

ruptcy court. The bankruptcy court's finding of improper purpose is not clearly erroneous. The district court properly concluded that the bankruptcy court's award of fees relating to the bankruptcy action was not an abuse of discretion under Rule 9011.

## 28 U.S.C. § 1927

■ The district court concluded that all of the Bank's reasonable fees in both the state court and bankruptcy court could be awarded against Smith under § 1927. The district court reasoned that, since the defense was asserted for an improper purpose, all of the attorney's actions "multiplied the proceedings ... unreasonably and vexatiously" within the meaning of § 1927. Smith claims that the portion of the sanctions representing the fees from the state court proceeding were improperly levied against him since he did not act as Case's attorney in that proceeding. There are no findings on this point by the district court or the bankruptcy court. 28 U.S.C. § 1927 cannot serve as a basis for the fees incurred in the state court proceeding.

Section 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs incurred because of such conduct." Section 1927 is construed strictly "so that the legitimate zeal of an attorney representing [a] client is not dampened." *Browning v. Kramer*, 931 F.2d 340 (5th Cir.1991). The language of § 1927 limits the court's sanction power to attorney's actions which multiply the proceedings in the case before the court. Section 1927 does not reach conduct that cannot be construed as part of the proceedings before the court issuing § 1927 sanctions. The state court proceeding is an entirely separate action. The Bank did not seek to remove the state court action to the district court under 28 U.S.C. § 1452, but instead filed a separate motion and complaint in the bankruptcy court. Although § 1927 is a proper basis for awarding fees when "the entire course of proceedings were unwarranted and should not have been ... persisted in," *Browning*, 931 F.2d

at 395, § 1927 cannot reach conduct occurring in a separate state court proceeding no matter how vexatious or multiplicious that conduct may be.

## The Inherent Power of the Court

■ The district court concluded that the bankruptcy court possessed the inherent power to sanction Case and Smith for conducting the defense in this action for an improper purpose and affirmed the entire award of attorney's fees on this basis. We conclude that the bankruptcy court has the inherent power to award sanctions for bad-faith conduct in a bankruptcy court proceeding. This power does not reach conduct which does not occur in proceeding in the bankruptcy court.

The Supreme Court recently decided that the district court possessed the inherent power to assess attorney's fees as sanctions for bad-faith conduct in litigation in *Chambers v. NASCO, Inc.*, —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The Court reasoned that the power to assess sanctions for bad-faith litigation was one of the inherent or implied powers which a court must necessarily possess "to manage their affairs and govern their affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 111 S.Ct. at 2132 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962). The power to assess attorneys fees, like other inherent powers possessed by the district court, is based on the need to control court proceeding and necessity of protecting the exercise of judicial authority in connection with those proceedings. *Id.* (and citations therein). These principles are equally applicable to the bankruptcy court.

■ However, a bankruptcy court's inherent power to punish bad-faith conduct does not extend to actions in a separate state court proceeding. The state court proceeding in the instant case is completely collateral to the proceedings in bankruptcy court. The conduct of the parties in the state action cannot be said to affect the exercise of the judicial authority of the bankruptcy court or limit the bankruptcy

court's power to control the behavior of parties and attorneys in the litigation before it. Inherent power must arise from the litigation before that court. Although the substantive issue in the state court proceeding is the same, the conduct of the parties in that suit is unconnected to the present action.[6] The district court erred in affirming that portion of the sanction representing attorney's fees incurred in the state court action under the bankruptcy court's inherent power.

### D. Dischargeability of Bankruptcy Court Sanctions

Case and Smith claim that the district court erred in affirming the bankruptcy court's judgment which stated that the sanctions awarded against them were "nondischargeable, in the instant or any future bankruptcy proceeding." They argue that the Bank failed to request a determination of dischargeability as required by Bankruptcy Rule 4007, that they were entitled to notice and a hearing on the issue. They further contend the bankruptcy court exceeded its authority in ruling that the sanctions were non-dischargeable. We agree.

■ One of the principal policy goals of the Bankruptcy Code is to provide a bankrupt debtor with a "fresh start," to allow the debtor to begin to accumulate wealth unburdened by past failures. To this end, the Bankruptcy Code provides the debtor a general discharge of all debts which arose before the filing of the petition. 11 U.S.C. §§ 727, 1141. The Code provides certain exceptions to discharge of particular debts and that certain debts may be determined to be non-dischargeable. Section 523 of the Code governs the determination of the dischargeability of particular debts. 11 U.S.C. § 523. Any exception to the general discharge of a debtor's debts is strictly governed by the Code and construed narrowly in favor of the debtor and against the creditor requesting the determination, *Norwest Bank Nebraska, N.A. v. Tveten,* 848 F.2d 871 (8th Cir.1988). An objection to the dischargeability of a particular debt must be based on one or more specific provisions of the Code. *See In re Reed,* 11 B.R. 683 (Bkrtcy.N.D.Tex.1981). Section 523 expressly requires that the determination of the dischargeability be proceeded by a notice and a hearing.[7]

■ Bankruptcy Rule 4007 sets out the procedure for determining the dischargeability of a particular debt. It provides that: "[a] debtor or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt." Subsection (c) of Rule 4007 sets out specific time limits for filing the complaint. This court has interpreted these limits strictly. *See, Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987).

The district court concluded that Rule 4007 "obviously deals with debts owed by the debtor to the creditor outside of the bankruptcy proceeding itself and not sums owed as a result of the proceedings which the court itself determined to be non-dischargeable." At least one other court has concluded that the time limits of Rule 4007 do not apply to actions related to dischargeability which arise out of post-petition conduct and that such actions may be pursued under § 523(a)(3)(B) which imposes no time limits on the commencement of such action. However, even if the time limits do not apply to actions arising out of the debtor's post-petition conduct, it is clear that § 523 and Rule 4007 contemplate some form of notice and hearing on the issue of dischargeability. There was none in this case.

---

**6.** The Court in *Chambers* expressly declined to reach the question of whether a court could, under its inherent power, sanction a party for bad-faith conduct relating to the underlying cause of action rather than the parties' conduct in court. *Chambers,* —— U.S. at ——, n. 16, 111 S.Ct. at 2138, n. 16. We also do not reach this issue.

**7.** Section 523(c) provides:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

The bankruptcy court made no findings on the issue of dischargeability and our review of the record indicates that the issue was never raised or argued to the bankruptcy court. The bankruptcy court's judgment designating the sanctions as non-dischargeable was an abuse of discretion.

 The bankruptcy court was also without authority to order the sanction levied against Smith non-dischargeable sanctions. The bankruptcy court may only determine the dischargeability of debts owed by a debtor who has sought the protection of the bankruptcy laws. Smith is not such a person.

### E. Rule 11 Sanctions

Smith claims that the district court erred in awarding sanctions under FED.R.CIV.P. 11 for a frivolous appeal of the bankruptcy court's decision. He argues that the district court was without jurisdiction to issue the sanctions since a notice of appeal to this court had been filed at the time the Bank moved for sanctions. Alternatively, he argues that the district court abused its discretion in awarding sanctions since it reversed a portion of the bankruptcy court's sanctions award. Several of the issues examined by the district court were not frivolous. The district court's award of attorney's fees as sanctions under Rule 11 was improper. We need not discuss the jurisdictional issue.

### IV

In sum, the bankruptcy court properly reopened the estate; this action is a core proceeding under 28 U.S.C. § 157; the bankruptcy court properly awarded the attorney's fees against Case pursuant to the attorney's fees provision in the promissory note and properly awarded the attorney's fees related to the bankruptcy proceeding against Smith pursuant to Bankruptcy Rule 9011, 28 U.S.C. § 1927 and the inherent power of the Court; the bankruptcy court erred in determining that these sanctions were non-dischargeable; and the district court erred in imposing sanctions against Smith under FED.R.CIV.P. 11.

We AFFIRM that portion of the district court's judgment which affirms the bankruptcy court's reopening of the estate and the adjudication of the claims thereunder. We AFFIRM that portion of the district court's judgment which affirms the bankruptcy court levy of sanctions against Case and Smith but REVERSE that portion of the award of sanctions against Smith which represent fees incurred in the collateral state court proceeding. We REVERSE that portion of the district court's judgment which upholds the ruling that the sanctions are non-dischargeable. We VACATE the district court's order granting Rule 11 sanctions against Smith.