**In re William H. JOHNSTON and Nancy Shigeru Johnston, Debtors.**

**Civil Action No. H–96–1625.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 16, 1996.

William H. Johnston, Houston, TX, pro se.

Nancy Shigeru Johnston, Houston, TX, pro se.

Karen K. Brown, Houston, TX, amicus.

Daniel E. O'Connell, LaPorte, TX, Trustee.

Manuel P. Lena, Jr., Dallas, TX, for United States (IRS).

## ORDER

ATLAS, District Judge.

*Pro se* Debtor/Appellants William H. Johnston and Nancy Shigeru Johnston ("Appellants") seek reversal of the order of the Bankruptcy Court for the Southern District of Texas, Houston Division, dismissing Debtors' Chapter 13 bankruptcy petition. The United States of America (acting through the Internal Revenue Service ("IRS")), Appellee, and Daniel E. O'Connell, Standing Chapter 13 Trustee, Appellee, oppose the relief sought on the grounds that (1) this Court lacks jurisdiction to consider the appeal since it was not timely filed, and (2) the Bankruptcy Court did not abuse its discretion in granting the IRS's Motion to Dismiss.[1]

The Court holds that it lacks jurisdiction to entertain this appeal, and therefore this appeal is dismissed. In an effort to conserve judicial resources in the event of an appeal to a higher court, however, the Court also reaches the merits of Appellants' contentions. The Court, therefore, further holds that Appellants have failed to demonstrate that the Bankruptcy Court abused its discretion by granting the IRS's motion to dismiss and dismissing the bankruptcy petition, 11 U.S.C. § 1307(c), and by refusing to reopen the bankruptcy case upon Appellants' motion made pursuant to 11 U.S.C. § 350(b).

## PROCEDURAL HISTORY

The procedural history and relevant facts are summarized by Appellees and are incorporated herein by reference. *See* Brief for Appellee [IRS] ("IRS's Brief") [Doc. # 5], at 3–7; Appellee Brief of Daniel E. O'Connell, Standing Chapter 13 Trustee ("Trustee's Brief") [Doc. # 6], at 2–3. They will be repeated herein only to the extent necessary to the Court's ruling.

By way of background, the IRS contends that Appellants are tax protestors who have refused to file income tax returns for the taxable years 1978 through 1994, and who in mid–1995 allegedly owed the United States approximately $205,000. Motion to Dismiss (Appeal Rec. # 1), at 2–3. This bankruptcy case was filed on April 6, 1995. On May 26, 1995, the IRS moved for dismissal of Appellants' Chapter 13 petitions "for cause," under 11 U.S.C. § 1307(c), on the grounds that Appellants did not file their bankruptcy petitions in "good faith" [Bankr.Doc. # 9]. The IRS argued to the Bankruptcy Court that Appellants admitted in the Section 341(a) meeting of creditors that they "do not intend to file their missing income tax returns" or to pay income taxes. The IRS argued that Appellants "filed the bankruptcy petition in this case for the sole reason to thwart the IRS's collection activity," since the IRS had given notice that it intended to seize Appellants' house for sale and to apply the available proceeds towards the tax liabilities.[2] Appellants have failed to state that they would file the missing income tax returns. *See* Brief for Appellants ("Appellants' Brief") [Doc. # 4]; Appellants' Letter Response to IRS's Motion to Dismiss (Appeal Rec. # 3), at 1–2, Bankr.Doc. # 12.[3] Appellants responded to the Trustee's motion to dismiss by letter from William Johnston, in which he stated *inter alia* that the "so called income tax" had never been properly assessed, that

---

1. The Trustee also filed a motion to dismiss [Bankr.Doc. # 13] on which a hearing was held. That motion was cumulative of the one filed by the IRS and was eventually withdrawn, according to the Bankruptcy Court Docket Sheet entry dated July 25, 1995.

2. Appellants previously had filed a bankruptcy petition in 1994 under Chapter 13 of the Bankruptcy Code. IRS's Motion to Dismiss (Appeal Rec. # 1), at 3. The Bankruptcy Court converted that case to one under Chapter 11, but then dismissed it on September 13, 1994 due to Ap-

pellants' failure to comply with a court order to file all missing tax returns within 30 days. *Id.*

3. No party to this appeal filed a copy of the June 23 Order, or the February 2, 1996 or April 17, 1996 Orders of the Bankruptcy Court relevant to this appeal. Appellants filed no record on appeal that the Court could locate. A copy of the June 23 Order was not in fact included in the copies of documents attached to the "[IRS's] Designation of Record and Issue on Appeal" [Doc. # 28]. The Court therefore has reviewed these orders in the original Bankruptcy Court file and cites to that file in this ruling.

he was not a tax protester, that he had not "avoided paying any taxes when properly assessed," and that "the interest of the 'people' will be best served if the IRS is ordered by the Court to provide certified documentation ... so as to determine liability." Appeal Rec. # 3.

On June 23, 1995, the Bankruptcy Court dismissed Appellants' bankruptcy case. Bankr.Doc. # 12.[4] This order was reaffirmed by several orders of the Bankruptcy Court entered on February 2, 1996, March 4, 1996 and April 17, 1996. Bankr.Doc. # 20;[5] Appeal Rec. # 12; Bankr.Doc. # 25.[6] It is these orders that Appellants challenge.

Appellants identify the issues for appeal to this Court as:

1.  Whether the procedures resulting in the seizure and sale of the debtor/appellants' residence witness are based on fraud, misrepresentation and misconduct of the creditor, the trustee and the Justice Department.
2.  Whether the person who signed the proof of claim can be identified.
3.  Whether the proof of claim was executed in accordance with applicable law.

Appellants' Brief [Doc. # 4], at 1, 2. All these questions relate to the validity of the IRS's claim in bankruptcy and its collection efforts as to Appellants' unpaid taxes or related charges. Thus, Appellants substantively continue to challenge the Bankruptcy Court's dismissal of Appellants' bankruptcy petition and the resulting frustration of Appellants' continued resistance to the IRS's collection activities.

## ANALYSIS

■ *Jurisdiction.*— The time for Appellants to have filed an appeal challenging the substance of the Bankruptcy Court's June 23, 1995 Order ("June 23 Order") dismissing

their bankruptcy petition was July 3, 1995. Bankruptcy Rule 8002(a) ("notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order or decree appealed from."). This 10–day time limit may be extended by motions filed pursuant to Bankruptcy Rules 7052(b) or 9023 (*see* Bankruptcy Rule 8002(b)) or by the bankruptcy court's extension of the time to appeal for up to 20 days. *See* Bankruptcy Rule 8002(c). Appellants failed to file an appeal or motion to amend or alter the judgment within 10 days as required.[7] Rather, as noted hereafter, Appellants argue that they sought relief under Bankruptcy Rule 9024, which makes Rule 60(b) of the Federal Rules of Civil Procedure applicable to bankruptcy cases. Thus, unless Rule 60(b) has been satisfied, the Bankruptcy Court's dismissal of Appellants' bankruptcy case by its June 23 Order became final on July 3, 1995.[8]

Appellants, on December 11, 1995, filed a Motion to Reopen Case [Bankr.Doc. # 17], pursuant to Fed.R.Civ.P. 60(b) and Bankruptcy Rule 9024. This motion was denied in a one line order by the Bankruptcy Court on February 2, 1996 ("February 2 Order") [Bankr.Doc. # 20].[9] Appellants then filed on February 12, 1996, "Motion for Findings of Fact and Conclusions of Law and to Amend Judgment" (Appeal Rec. # 11), which the Court denied by Order entered March 4, 1996 ("March 4 Order") (Appeal Rec. # 12), stating that: "The debtor's [sic] motion to reopen was filed December 11, 1995. This motion was late. Fed. Rule Bankr.Pro. 8002(b)." This Order became final on March 14, 1996, when Appellants failed to file a notice of appeal or a motion pursuant to Bankruptcy Rules 7052(b) or 9023. *See* Fed.R.Civ.P. 52, 59; Bankruptcy Rules 8002(b), 7052(b) and 9023.

4. *See supra,* note 3.

5. *See supra,* note 3.

6. *See supra,* note 3.

7. The fact that the June 23 Order was "with prejudice to Appellants' refiling any bankruptcy petition for six months," under 11 U.S.C. § 109(g)(1), did not extend the time to appeal or

move for reconsideration of that Order. Appellants provide no authority to the contrary.

8. *Cf.* Bankruptcy Rule 9006 (if time prescribed in the Bankruptcy Rules is "less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation").

9. *See supra* note 3.

Nevertheless, on March 29, 1996, Appellants filed a "Motion to Reconsider Court's Order of February 29, 1996 [the March 4 Order]" (Appeal Rec. # 13), in which Appellants pointed out to the Bankruptcy Court that their December 1995 Motion was timely under Rule 60(b) of the Federal Rules of Civil Procedure and Bankruptcy Rule 9024. Appellants did not explain their failure to file this motion within the 10–day time limits of Bankruptcy Rule 8002(a) and (b). The Bankruptcy Court denied the motion on April 17, 1996 [Bankr.Doc. # 25],[10] and this appeal ensued.

■ To the extent Appellants seek to appeal from the Bankruptcy Court's denial of their Motion to Reconsider [Bankr.Doc. # 25], which sought reconsideration of either the February 2 Order [Bankr.Doc. # 20] denying Appellants' Motion to Reopen their bankruptcy case *or* the March 4 Order (Appeal Rec. # 12) denying the motion for fact findings, etc., Appellants' appeal is not timely. As noted above, Bankruptcy Rule 8002(a) gave Appellants 10 days (until March 14, 1996) to file a notice of appeal from these orders. Instead, they elected to file their Motion to Reconsider, which was 15 days late since it was not filed until March 29, 1996.[11] *See* Bankruptcy Rule 9023; Fed.R.Civ.P. 59. The fact that Appellants filed and obtained a ruling on their Motion to Reconsider does not cure the fact that the orders Appellants seek to challenge all became final prior to their Motion to Reconsider or the filing of this appeal. Thus, the Court has no jurisdiction to review the March 4 Order or any of the preceding orders relating to Appellants' various requests to reopen their bankruptcy case.[12]

*The Merits of Appellants' Appeal.*— As to the merits of the issues raised by Appellants in this appeal, the Court has considered the arguments asserted by Appellants and Appellees in their briefs on appeal, and has reviewed Appellants', the IRS's, and Trustee's submissions to the Bankruptcy Court

concerning Appellants' assertions of fraud as a basis to reopen their bankruptcy case pursuant to 11 U.S.C. § 350(b) and Rule 60(b) of the Federal Rules of Civil Procedure.

■ To the extent the Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158, the standard of review of a bankruptcy court's factual determinations is set forth in Bankruptcy Rule 8013:

Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The burden is on the appellant to show a reviewing court that a factual finding is "clearly erroneous." *In Matter of Fairchild Aircraft Corp.,* 6 F.3d 1119, 1128 (5th Cir. 1993). Reversal is proper only when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Matter of Fabricators, Inc.,* 926 F.2d 1458 (5th Cir. 1991); *In re Multiponics, Inc.,* 622 F.2d 709, 723 (5th Cir.1980) (citation omitted). "Any conclusion of law, of course, is subject to de novo review." *In re Jordan,* 927 F.2d 221, 224 (5th Cir.1991), *overruled on other grounds, Coston v. Bank of Malvern,* 991 F.2d 257 (5th Cir.1993). When reviewing mixed questions of law and fact the court must give deference to the factual determinations made by the bankruptcy court unless clearly erroneous, but the court "must independently determine the ultimate legal conclusion adopted by the bankruptcy judge on the basis of the facts found." *In re Bufkin Bros., Inc.,* 757 F.2d 1573, 1577–78 (5th Cir. 1985) (citation omitted).

■ The Court concludes that the Bankruptcy Court did not abuse its discretion in refusing to reopen the bankruptcy case (*i.e.,* the February 2 Order and April 17 Order),

10. *See supra,* note 3.

11. The fact that the Bankruptcy Court may have been mistaken as to the timeliness of the December 1995 Motion to Reopen *[see* Bankr.Doc.

# 20] is immaterial in light of subsequent events described in the text.

12. The April 17 Order was a ruling on an untimely motion and lacks legal effect.

**146**

pursuant to 11 U.S.C. § 350(b).[13] *See Citizens Bank & Trust Co. v. Case (In re Case),* 937 F.2d 1014, 1018 (5th Cir.1991); *In re Haker,* 411 F.2d 568, 569 (5th Cir.1969), and made no clearly erroneous factual findings. No valid reason was presented to the Bankruptcy Court to justify reopening Appellants' bankruptcy case. Indeed, Appellants did not dispute that they had not filed tax returns and had not paid their taxes.[14]

Moreover, the Bankruptcy Court's exercise of discretion is further supported by Appellants' lengthy wrangling with the IRS (including their filing and causing dismissal of more than one bankruptcy case), Appellants' having waited almost six months before even seeking to reopen their case, Appellants' refusal to state that they intended to file their tax returns, and Appellants' raising in their motions for reconsideration matters that were known to Appellants at the time of the IRS's original motion to dismiss. *See* IRS's Brief, at 10–11; *In re Case,* 937 F.2d at 1018.

Finally, to the extent Appellants purported to rely on Rule 60(b) of the Federal Rules of Civil Procedure in filing their motions after the June 23 Order, they have totally failed to establish any fraud or matters that would justify the Bankruptcy Court's reversal of its position. It is therefore

**ORDERED** that to the extent Appellants challenge any or all of the Bankruptcy Court's Orders of June 23, 1995, February 2, 1996, March 4, 1996 and April 17, 1996, each is **AFFIRMED**.

---

13. Nor did it abuse its discretion in refusing to issue findings of fact or conclusions of law, in light of the straightforward matters of record, despite the requests by Appellants. *See* March 4 Order (Appeal Rec. # 12).

14. Appellants argued that the assessments were unlawful for the "so called income tax." Letter, Appellants to Clerk of Bankruptcy Court, filed June 13, 1995, ¶¶ 10, 11 (Appeal Rec. # 3). They later argued that the proof of claim filed by the IRS was not signed under penalties of perjury by an identifiable individual. These arguments clearly lack merit, in light of the original and the amended proofs of claim filed, respectively, May 16 and 19, 1995. *See* Appeal Rec. # 15, 16.