# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 97-20149
(Summary Calendar)

_____

In re WILLIAM H. JOHNSTON and
NANCY S. JOHNSTON

WILLIAM H. JOHNSTON;
NANCY S. JOHNSTON,

Appellants,

versus

INTERNAL REVENUE
SERVICE,

Appellee,

and

DANIEL E. O'CONNELL,

Trustee-Appellee.

_____

Appeal from United States District Court
for the Southern District of Texas
(H-96-1625)

_____

October 7, 1997

Before JONES, SMITH and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

William H. Johnston and Nancy Shigeru Johnston ("appellants") appeal from the district

court's holding that it lacked appellate jurisdiction to consider their challenges to (a) the bankruptcy

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

court's order granting the IRS' motion to dismiss their Chapter 13 bankruptcy petition[2] and (b) the bankruptcy court's refusals to reopen the bankruptcy case upon several post-judgment motions. They also appeal from the district court's holding, in the alternative, that the rulings of the bankruptcy court were correct on the merits. Appellants contend that the dismissal of their bankruptcy case resulted from fraud, misrepresentation, and misconduct on the part of the IRS and the Chapter 13 Trustee.[3] For the following reasons, we affirm the district court's rulings.

## FACTS AND PROCEDURAL BACKGROUND

In response to appellants' failure to file tax returns and pay their tax liabilities for the years 1978-1994, the IRS moved to seize appellants' homestead. On February 3, 1994, appellants filed their *first* Chapter 13 bankruptcy case in the Southern District of Texas. The bankruptcy court subsequently ordered appellants to file their missing income tax returns, but appellants refused to comply. The bankruptcy court dismissed their first Chapter 13 petition accordingly.

On April 6, 1995, appellants filed their *second* Chapter 13 bankruptcy case, also in the Southern District of Texas. They listed as their only creditors the IRS and a mortgage company. The IRS timely filed a first amended proof of claim against appellants in the amount of $205,263, consisting of a $104,243 secured claim, a $22,604 priority claim, and a $78,416 general unsecured claim.

Appellants continued to refuse to file their missing tax returns. Appellant William Johnston

---

[2]The Chapter 13 Trustee, Daniel E. O'Connell, also filed a motion to dismiss appellants' bankruptcy petition. This motion was withdrawn after the bankruptcy court granted the IRS' motion.

[3]Appellants specifically contend that (1) the IRS' collection procedures, which allegedly were not undertaken in conformity with statutory requirements, perpetrated a fraud upon them and amounted to a violation of due process and (2) the bankruptcy trustee's act of filing a motion to dismiss constituted fraud.

stated, among other objections, that the "so called income tax" was never properly assessed, that he has not "avoided paying any taxes when properly assessed," and that the "interest of the 'people' will be best served if the IRS is ordered by the Court to provide certified documentation" of appellants' liability. At the meeting of the creditors, appellants denied any legal obligation to file the returns and again asserted their intention not to file the missing returns. On May 26, 1995, the IRS filed a motion to dismiss appellants' Chapter 13 petition "for cause" under 11 U.S.C. § 1307(c), alleging that appellants filed the petition in bad faith to thwart its collection activity. After appellants filed a response, the bankruptcy court, in a summary order entered on June 23, 1995, granted the government's motion, dismissing the case "with prejudice so that the debtors cannot file another bankruptcy petition for 6 months . . . ."

Appellants did not respond for over five months. They then began a flurry of motion activity attacking the bankruptcy court's dismissal of their case. The relevant procedural history can be summarized as follows:

| Date | Event |
|---|---|
| April 6, 1995 | Appellants file Chapter 13 petition |
| June 23, 1995 | Bankruptcy court dismisses appellants' Chapter 13 petition |
| Dec. 11, 1995 | Appellants file motion to reopen the case |
| Feb. 2, 1996 | Bankruptcy court denies appellants' motion to reopen |
| Feb. 12, 1996 | Appellants file motion to amend the judgment |
| Mar. 4, 1996 | Bankruptcy court denies motion to amend the judgment |
| Mar. 29, 1996 | Appellants file motion to reconsider |
| Apr. 17, 1996 | Bankruptcy court denies motion to reconsider |

Appellants' filed their first motion, the December 11, 1995 motion to reopen the case, pursuant to 11 U.S.C. § 350(b) and Bankr.R. 5010 and 9024, alleging fraud, misrepresentation, and misconduct on the part of the IRS and the bankruptcy trustee. They essentially repeated these same allegations in each of their subsequent motions.

3

Appellants filed a notice of appeal to the district court on April 26, 1996. Once again, they asserted fraud, misrepresentation, and misconduct on the part of the government and the bankruptcy trustee, although they did not address the timeliness of their notice of appeal or various post-judgment motions. The district court, by final judgment entered December 19, 1996, determined that it lacked jurisdiction to entertain appellants' appeal and, in the alternative, that the bankruptcy court's dismissal of their Chapter 13 petition and the denial of their post-judgment motions was correct on the merits. Appellants filed a notice of appeal to this court, and we properly take jurisdiction of this case. 28 U.S.C. § 158(d).

## DISCUSSION

*Jurisdiction*

The district court's holding that it lacked appellate jurisdiction to review appellants' claims is a question of law which we review *de novo*. In re Moody, 41 F.3d 1024, 1026 (5th Cir. 1995).

Final judgments of a bankruptcy court are appealable to the district court. 28 U.S.C. § 158(a)(1); Bankr.R. 8001(a). After a final judgment is issued, Bankruptcy Rule 8002 provides a ten-day period ("appeals period") in which to file either a notice of appeal or an appropriate motion to toll the appeals period. Bankr.R. 8002(a); Bankr.R. 8002(b); Fed.R.Civ.P. 52(b); Fed.R.Civ.P. 59(b); Bankr.R. 8002(b)(4). In the instant case, the bankruptcy court dismissed appellants' Chapter 13 petition on June 23, 1995. The record reveals that appellants did not file a notice of appeal or any tolling motion challenging the substance of the dismissal on or before July 3, 1995, the last day of the ten-day appeals period. This is a fatal defect to the district court's jurisdiction and cannot be waived. In re Aguilar, 861 F.2d 873, 874 (5th Cir. 1988). Unless appellants can identify a way to avoid the application of these basic procedural rules, the bankruptcy court's dismissal of their case became final

4

on July 3, 1995.

Appellants direct us to their motion to reopen the case, filed on December 11, 1995 pursuant to 11 U.S.C. § 350(b) and Bankr.R. 5010 and 9024. Bankr.R. 9024 provides, in short, that Fed.R.Civ.P. 60 "applies in cases under the Code." Bankr.R. 9024. Fed.R.Civ.P 60 provides, *inter alia*, that a motion may be filed to reopen a case on grounds of "fraud . . ., misrepresentation, or other misconduct of an adverse party," but "not more than one year after the judgment" is entered. Fed.R.Civ.P. 60(b)(3). Because appellants filed their motion to reopen within one year of the June 23, 1995 dismissal of their bankruptcy petition, asserting fraud, misrepresentation, and misconduct on the part of the IRS and the bankruptcy trustee, this motion was not untimely in and of itself.[4]

The bankruptcy court denied appellants' Bankr.R. 9024 motion on February 2, 1996. Appellants' second motion, filed on February 12 pursuant to Bankr.R. 7052 and 9023, tolled the appeals period with respect to the bankruptcy court's denial of their Bankr.R. 9024 motion because it (the second motion) was filed within ten days of the denial.[5] Bankr.R. 8002(b); See United States v. One 1988 Dodge Pickup, 959 F.2d 37, 39 (5th Cir. 1992) (stating that a trial court's denial of a Rule 60(b) motion is "not only itself appealable, but is properly subject to" tolling motions of the sort

---

[4]The bankruptcy court, in its review of the dismissal of the bankruptcy petition pursuant to appellants' Bankr.R. 9024 motion, was limited to examining only those grounds for relief provided for in Fed.R.Civ.P. 60 (*i.e.*, fraud, misrepresentation, and misconduct by an adverse party). In re Aguilar, 861 F.2d 873, 875 (5th Cir. 1988). As such, the appeals period for challenging the bankruptcy court's dismissal of appellants' bankruptcy petition on any other grounds expired on July 3, 1995.

[5]Because appellants filed their Bankr.R. 9024 motion after the ten-day appeal period of Bankr.R. 8002, we note that a timely appeal from this denial would bring up for review "only the order of denial itself and the not the underlying judgment." In re Aguilar, 861 F.2d at 875.

identified in Fed.R.App.P 4(a)(4)).[6] The ten-day appeals period would be re-set once the bankruptcy court disposed of the motion. Bankr.R. 8002(b).

Appellants' February 12, 1996 motion was denied by the bankruptcy court on March 4, 1996. Appellants did not respond until they filed a motion to reconsider the bankruptcy court's March 4, 1996 order on March 29, 1996, *twenty-five* days after the March 4 order was entered. As such, appellants failed to file *within ten days* a notice of appeal, or a tolling motion that raised new grounds for relief,[7] with respect to the denial of their preceding post-judgment motions. This failure cost the appellants any right to appeal the denial of those motions.

To the extent that appellants argue that their March 29, 1996 motion is timely under Bankr.R. 9024 and Fed.R.Civ.P. 60,[8] we disagree. Appellants' March 29, 1996 motion raises virtually the same arguments found in their earlier two motions. A Fed.R.Civ.P. 60 motion should not become a substitute for appeal or a convenient way to escape the ten-day appeal period of Bankr.R. 8002. See Williams v. New Orleans Public Service, Inc., 728 F.2d 730, 736 (5th Cir. 1984). This rule is "particularly appropriate in a case such as this one where a Rule 60(b) motion [would] itself [be] an attack on the denial of a prior post-judgment motion that asserted virtually identical grounds for

---

[6]Because the language of Bankr.R. 8002 directly tracks the language of Fed.R.App.P. 4(a)(4), we often look to decisions addressing the effect of successive motions under Fed.R.App.P. 4(a)(4) as a guide to applying Bankr.R. 8002. In re Stangel, 68 F.3d 857, 859 (5th Cir. 1995).

[7]Here, appellants' filing of the February 12, 1996 motion to amend the judgment tolled the ten-day appeal period with respect to the bankruptcy court's denial of their Bankr.R. 9024 motion to reopen. Bankr.R. 8002(b)(2). However, if appellants were to file a successive motion pursuant to Bankr.R. 8002(b), they would not receive the tolling benefit unless the motion raised new grounds. In re Stangel, 68 F.3d. 857, 859.

[8]Fed.R.Civ.P. 60 also provides relief from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

relief, and where, as here, it is filed *after* the time for giving notice of appeal from the order denying the earlier motion." Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 (5th Cir. 1993) (emphasis in original). In sum, the district court correctly held that it lacked appellate jurisdiction to review the bankruptcy court's dismissal of appellants' bankruptcy petition and the denials of their post-judgment motions.[9]

*Merits of Bankruptcy Court's Dismissal of Bankruptcy Petition and Denial of Post-Judgment Motions*

Because we hold that the district court was correct in dismissing appellants' appeal on jurisdictional grounds, it is unnecessary for us to reach the merits of appellants' contentions. Nevertheless, we briefly address the alternative holding of the district court.

Appellants' allegations of fraud against the IRS and the bankruptcy trustee border on the frivolous. Their reliance on tax protestor rhetoric, refusal to file tax returns for over 16 years (in spite of a bankruptcy court order requiring them to do so), and resort to meritless and lengthy legal wrangling with the IRS leads us to conclude that, under the totality of the circumstances, appellants have unfairly manipulated the bankruptcy code to avoid paying their tax liabilities. The bankruptcy court did not abuse its discretion in dismissing their petition or denying their post-judgment motions.

**CONCLUSION**

---

[9]The facts reveal that appellants received a denial, entered April 17, 1996, on their March 29, 1996 motion to reconsider. The district court was correct in holding that this ruling was on an untimely motion and lacked legal effect. In re Johnston, 207 B.R. 142, 145 n.12 (S.D. Tex. 1996). It did not revive the lapsed right to appeal from the court's dismissal of appellants' bankruptcy petition or the denials of their earlier post-judgment motions.

For the foregoing reasons, we AFFIRM the district court's holding that it lacked jurisdiction to review the bankruptcy court's dismissal of appellants' Chapter 13 bankruptcy petition and the subsequent denials of appellants' post-judgment motions.[10] We also AFFIRM the district court's rulings that the bankruptcy court's dismissal of appellants' Chapter 13 bankruptcy petition and the subsequent denials of appellants' post-judgment motions were correct on the merits.

---

[10]Trustee-appellee Daniel E. O'Connell's motion to dismiss appeal for lack of jurisdiction is moot in light of this opinion.