United States Court of Appeal,

Fifth Circuit.

Nos. 93-2052, 93-2446.

In re Shearn MOODY, Jr., Debtor.

Martin Paul SOLOMON, Appellant,

v.

W. Steve SMITH, Trustee and Shearn Moody, Jr., Debtor, Appellees.

Jan. 10, 1995.

Appeals from the United States District Court for the Southern District of Texas.

Before SMITH and EMILIO M. GARZA, Circuit Judges, and STAGG, District Judge.[*]

EMILIO M. GARZA, Circuit Judge:

Attorney Martin Paul Solomon represented Shearn Moody in proceedings concerning Moody's bankruptcy and filed an application for compensation from the bankruptcy estate for his services. The district court referred the fee application to Bankruptcy Judge Letitia Z. Clark. After a hearing, Judge Clark denied Solomon's application, and her decision was entered in the docket for the Moody bankruptcy case. Because the district court had previously withdrawn the reference for the entire case, the Moody docket was in the district court.

More than ten days after the entry of judgment on Judge Clark's denial of Solomon's fee application, Solomon filed both a notice of appeal to this court and a motion under Bankruptcy Rule

---

[*]District Judge of the Western District of Louisiana, sitting by designation.

8002 for an extension of time to file a notice of appeal to the district court.[1]  Solomon alleged that, because Judge Clark's decision had been entered on a district court docket, he was confused as to whether it was a decision of the district court or the bankruptcy court.  The district court dismissed Solomon's motion and appeal for want of jurisdiction because it was untimely.  A panel of this court dismissed the notice of appeal for lack of jurisdiction because the "appellant [sought] to appeal directly from the bankruptcy court."[2]

Solomon also filed a motion in the district court for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure,[3] asking the district court to grant him relief from Judge Clark's decision.  The district court denied Solomon's motion, stating that, because Judge Clark's decision was not a decision of the district court, there existed no final judgment of the district court from which it could grant relief.  Solomon appeals both the district court's dismissal of his notice of appeal for want of jurisdiction and its denial of relief from judgment.

Questions concerning jurisdiction are questions of law.  We therefore review the actions of the district court *de novo.  See Bradley v. Pacific Southwest Bank (In re Bradley),* 960 F.2d 502,

---

[1]The clerk entered the judgment on September 25, 1992. Solomon did not file his motion until December 31, 1992.

[2]*See* Order of July 19, 1993 (No. 93-2052).

[3]"On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect...."  Fed.R.Civ.P. 60(b).

2

507 (5th Cir.1992) (reviewing legal conclusions regarding bankruptcy issues *de novo* ), *cert. denied,* --- U.S. ----, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993).

Appeals from decisions of the bankruptcy court lie with the district court.[4] A party appealing a judgment of the bankruptcy court must file a notice of appeal within ten days after entry of the judgment.[5] Failure to file a timely notice deprives the district court of jurisdiction to consider the appeal. *Abraham v. Aguilar (In re Aguilar),* 861 F.2d 873, 874 (5th Cir.1988). If the ten days have elapsed, however, a party may obtain an extension of time if excusable neglect caused the failure to make a timely appeal.[6]

Solomon argues that, because the Moody case used a district court docket, he was legitimately confused as to whether Judge Clark's decision was a decision of the bankruptcy court or the district court, and we should therefore excuse his failure to make a timely appeal. Section 157(a) of Title 28 states that "[e]ach

---

[4]"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a) (1988). Because the court of appeals has jurisdiction over decisions of only the district court, a party cannot appeal a bankruptcy court's decision directly to the court of appeals. *See* 28 U.S.C. § 158(d) (1988) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.").

[5]"The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Bankr.R. 8002(a) (Supp. V 1993).

[6]Bankr.R. 8002(c) (Supp. V 1993).

3

district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a) (1988). Solomon argues that, because the district court did not specifically state that this was a § 157 referral, he reasonably believed that the referral was not to the bankruptcy court, but merely to Judge Clark as a master or magistrate. We have not found, nor has Solomon supplied, any basis for requiring an explicit recitation of § 157 when a district court makes a referral under that statute. Moreover, Judge Clark's subsequent rulings all specifically used a "bankruptcy court" header, thereby clarifying that Judge Clark was acting as a bankruptcy court. Consequently, Solomon had ample notice that Judge Clark's decision was that of the bankruptcy court.[7]

Solomon further argues that, because Judge Clark's decision used a district docket number and not a bankruptcy docket number, it was not properly docketed and the ten-day period has not yet begun. He contends that the Bankruptcy Rules required the clerk to enter Judge Clark's decision on a "bankruptcy docket." We disagree. Entering judgments of the bankruptcy court is a duty of

---

[7]Indeed, Solomon himself used the header "In the United States Bankruptcy Court for the Southern District of Texas Houston Division" in his first motion to Judge Clark after the referral. *See* Docket No. 1550 ("Emergency Motion for an Order Requesting Letitia Z. Clark To Disqualify and Recuse Herself").

the clerk.[8] Under Rule 5003(a) of the Bankruptcy Code, "[t]he clerk shall keep a docket in each case under the Code." Bankr.R. 5003(a) (1988). Although a bankruptcy court may keep a separate docket, nothing in the Code or the Rules requires the clerk to keep a "*bankruptcy docket.*" In this case, jurisdiction over the Moody bankruptcy was in the district court, with the exception of Solomon's fee application. Accordingly, the "docket in [the Moody] case" at that time was the district court docket. The clerk properly entered Judge Clark's decision on the docket for the Moody case, thereby starting the ten-day clock for filing a notice of appeal.[9]

Solomon failed to file his notice of appeal within the ten-day period mandated by Rule 8002, and he has not demonstrated excusable neglect permitting an extension of time. Moreover, because Judge Clark's ruling was a decision of the bankruptcy court and not the district court,[10] the district court properly denied Solomon's Rule 60(b) motion for lack of a final judgment of the

---

[8]Under Rule 9001(3), " "clerk' means bankruptcy clerk, if one has been appointed, otherwise clerk of the district court." Bankr.R. 9001(3) (Supp. V 1993). Because the Houston Division of the Southern District of Texas has not appointed a bankruptcy clerk, the clerk at issue is the clerk of the district court.

[9]The cases that Solomon cites in support of his argument deal with circumstances in which either no docket entry was made or the entry was not dated. *See, e.g., In re Allustiarte,* 848 F.2d 116 (9th Cir.1988); *Stelpflug v. Federal Land Bank,* 790 F.2d 47 (7th Cir.1986). Here, the clerk properly docketed the judgment of Judge Clark; therefore, those cases do not apply.

[10]*See* Order of July 19, 1993 (No. 93-2052) (dismissing appeal because "appellant [sought] to appeal directly from the bankruptcy court").

district court. We accordingly AFFIRM the decisions of the district court.