Steve **VELTMAN** and Sue
Veltman, Appellants,

v.

Dennis **WHETZAL**, U.S.
Trustee, Defendant.

Civil No. 95–5080.

United States District Court,
D. South Dakota,
Western Division.

Jan. 31, 1996.

Harlan Schmidt, Spearfish, SD, for Appellants.

Craig Peyton Gaumer, Assistant U.S. Attorney, Sioux Falls, SD, for Defendant.

## ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION

BATTEY, Chief Judge.

### NATURE AND PROCEDURAL HISTORY

This is a bankruptcy appeal filed by Steven and Sue Veltman (Veltmans), the co-owners of bankruptcy estate property. The appeal is made pursuant to Fed.R.Bankr.P. 8001 as an appeal of right from a final judgment or order of a bankruptcy judge to the district court. The Veltmans appeal ten orders entered on October 26, 1995, confirming the sale of fifteen (15) lots effectuated pursuant to authority granted on September 8, 1995, by order from the Honorable Irvin N. Hoyt, Chief Bankruptcy Judge, U.S. Bankruptcy Court for the District of South Dakota. The bankruptcy clerk has transmitted to this Court the record on appeal.

### FACTS

On January 25, 1993, Troy and Connzella Ray (debtors) filed a petition for relief under Chapter 11 of the Bankruptcy Code. The bankruptcy estate included fifteen undeveloped lots of land in Oak Mountain Estates, Lawrence County, South Dakota.[1] On July 1, 1993, the Veltmans filed a motion to partition their 25 percent interest in the lots. On July 14, 1993, the bankruptcy court held an expedited hearing on the motion to partition. The bankruptcy court issued an interim or-

---

1. The legal description for the fifteen lots at issue in this proceeding is as follows:
    Lots 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 21, 22, 23, and 24 of Block 2, Oak Mountain Estates, located in the NW1/4 SW1/4 of Section 17 and Tract A of the SW1/4 SW1/4 of Section 17 and Tract B of the SE1/4 SE1/4 of Section 18 and in the NE1/4 SE1/4 of Section

18 and in Tract C of the SE1/4 SW1/4 of Section 18 and in the NE1/4 NW1/4 of Section 19, all in T5N R4E, B.H.M., Lawrence County, South Dakota, according to Plat Document # 90–682.
    Stipulation at 2 (1994) (Bankruptcy Docket # 100).

der on August 31, 1993, which authorized the debtors to sell the lots free and clear of all liens and encumbrances. To this process the Veltmans agreed, provided that all sale proceeds remaining after payment and settlement of authorized expenditures were to be escrowed. The Internal Revenue Service (IRS) filed a motion to vacate the interim order based on the failure of either the Veltmans or the debtors to provide the IRS with sufficient notice of the motion to partition. On February 15, 1994, the bankruptcy court entered an amended interim order on Veltmans' motion to partition. The amended interim order again authorized the debtors to sell the property free and clear of liens and encumbrances with the proceeds to be escrowed until the final hearing on the partition motion. All liens and encumbrances were to attach to the proceeds, including the lien of the IRS.

Veltmans, debtors, and Norwest Bank of South Dakota, a creditor claiming an interest in the land at issue, negotiated a stipulation whereby the parties agreed that the Veltmans would not be paid their one-fourth interest, rather they would receive their costs basis plus interests. The IRS was not included in the stipulation, and therefore objected to the motion to approve the stipulation. On August 5, 1994, the bankruptcy court approved the stipulation with the condition that the stipulation would be subject to the terms of the amended interim order of February 15, 1994, including the provision

> [T]hat the Debtors are authorized to sell lots free and clear of all liens and encumbrances with the sales proceeds remaining after payment and settlement of the authorized expenditures to be escrowed in an interest-bearing account, with all liens and encumbrances on the real estate to attach to the proceeds of the sale in the order of their priority, including any liens of the United States of America, acting through the Internal Revenue Service, with such priority and distribution of proceeds to be determined by this [bankruptcy court] at a future hearing in this case.

Order Approving Stipulation at 1–2 (Aug. 5, 1994) (Bankruptcy Docket # 116).

The Chapter 11 case was converted to a Chapter 7 proceeding on January 17, 1995. On August 21, 1995, the Chapter 7 Trustee, Dennis Whetzal, requested the bankruptcy court to authorize sale of the "real estate free and clear of all liens, encumbrances and *interests* in the real property to be sold." Motion to Approve Sale of Real Estate Free and Clear of Liens at 6 (Aug. 21, 1995) (Bankruptcy Docket # 158) (emphasis added). No objections to the motion to approve the sale were filed, and on September 8, 1995, the bankruptcy court entered an order approving the sale. The bankruptcy court's order set forth "that the sale of all property shall be subject to the terms and conditions set forth at length in the Chapter 7 Trustee's ... Motion." Order Approving Sale of Real Estate at 2 (Sept. 8, 1995) (Bankruptcy Docket # 163).

On October 3, 1995, the Chapter 7 Trustee filed a motion to confirm sale of real estate free and clear of liens, encumbrances, and interests in the real property. On October 10, 1995, the Veltmans filed an objection to the Trustee's motion to confirm sale, setting forth their following position:

a. Veltmans are willing to comply with their agreement and the order of this [bankruptcy] court dated August 5, 1994.

b. Veltmans have no objection to the sale of the Veltman interest in the property on the terms and conditions of the agreement.

c. Veltmans have no objection to the results of the auction sale.

d. But Veltmans do not want their proceeds to be commingled with the funds of the bankruptcy estate.

Veltmans' Objection to Trustee's Motion to Confirm Sale at 1, 2 (Oct. 8, 1995). The bankruptcy court confirmed the sale on October 24, 1995 (Bankruptcy Docket # 192) and entered orders to that effect on October 26, 1995 (Bankruptcy Docket # 196–205). On November 2, 1995, the Veltmans filed a notice of appeal concerning the orders confirming the sale. The Veltmans also filed a motion to stay action pending appeal which was denied by the bankruptcy court on November 6, 1995. The Chapter 7 Trustee has not

submitted a proposed distribution of sale proceeds to the bankruptcy court.

## DISCUSSION

In its brief on appeal, the IRS [2] raises numerous defenses allegedly entitling them to relief. The issue concerning the timeliness of the appeal is dispositive. Further issues accordingly need not be addressed.

■ Pursuant to Fed.R.Bankr.P. 8002(a), "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a). The parties are in disagreement as to which bankruptcy court order is being appealed. The Veltmans contend that they are appealing the orders of October 26, 1995, confirming the sale of the real estate. They further assert that the order of September 8, 1995, which authorized the sale of real estate, failed to provide them with ample notice of any intent to sell the property free and clear of their interest. The IRS contends that since the Veltmans are in essence appealing the Chapter 7 Trustee's authority to sell the property free and clear of the Veltmans' interest, the September 8, 1995, date is controlling.

The gravamen of the Veltmans' appeal revolves around "[w]hether the interest of a co-owner of property co-owned by the bankruptcy estate may be sold without that co-owner's consent or without complying with the provisions of 11 U.S.C. § 363." Appellants' Brief at 1. This issue relates directly to the bankruptcy court's order of September 8, 1995, authorizing the Chapter 7 Trustee to sell all of the lots "free and clear of all liens, encumbrances and interests in the real property."

The Veltmans' contention that the order of September 8, 1995, which authorized the sale

of real estate, failed to provide them with ample notice of any intent to sell the property free and clear of their interest is without merit. The bankruptcy court's order set forth "that the sale of all property shall be subject to the terms and conditions set forth at length in the Chapter 7 Trustee's ... Motion." Order Approving Sale of Real Estate at 2 (Sept. 8, 1995) (Bankruptcy Docket # 163). The Chapter 7 Trustee's motion to approve sale specifically set forth that the sale would be "free and clear of all liens, encumbrances and *interests* in the real property to be sold." Motion to Approve Sale of Real Estate Free and Clear of Liens at 6 (Aug. 21, 1995) (Bankruptcy Docket # 158) (emphasis added). Free and clear of all interests clearly includes any co-owner interest. If the Veltmans wanted to take issue with the Chapter 7 Trustee's authority to sell the property free and clear of all interests without following the process set forth in 11 U.S.C. § 363(h), then they should have appealed the bankruptcy court's order authorizing the sale within the 10–day period prescribed under Fed.R.Bankr.P. 8002(a).

The bankruptcy court's order authorizing the Chapter 7 Trustee to sell the lots "free and clear of all liens, encumbrances and *interests*" was entered on September 8, 1995. Pursuant to Fed.R.Bankr.P. 8002(a), the Veltmans had until September 18, 1995, to appeal the bankruptcy court's order.[3] They did not file a notice of appeal until November 2, 1995. The Veltmans' failure to file a timely notice of appeal deprives this Court of jurisdiction to entertain their appeal concerning the Trustee's authority to sell the property in Oak Mountain Estates. *See Jacobson v. Nielsen,* 932 F.2d 1272–73 (8th Cir.1991) (*see also Solomon v. Smith (In re Moody),* 41 F.3d 1024, 1026–27 (5th Cir.1995); *Deyhimy*

---

**2.** The Court does take notice that Dennis Whetzal acting as the Chapter 7 Trustee and Norwest Bank of South Dakota have joined in the IRS brief, thereby adopting the arguments, authorities, and requests for relief contained therein. *See* Docket # 7, 10.

**3.** *See generally* Fed.R.Bankr.P. 9006(a). The Rule sets forth the following method to compute the ten-day period prescribed in Fed.R.Bankr.P. 8002(a):

In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday.... Fed.R.Bankr.P. 9006(a).

*v. Rupp, (In re Herwit),* 970 F.2d 709, 710 (10th Cir.1992); *In re Universal Minerals, Inc.,* 755 F.2d 309, 312 (3d Cir.1985); and *Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.),* 684 F.2d 410, 411–12 (6th Cir. 1982)).[4] Accordingly, it is hereby

ORDERED that the Veltmans' appeal is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that no sanction will be imposed pursuant to Fed. R.Bankr.P. 9011.

---

4. *See generally* 9 Collier on Bankruptcy ¶ 8002.03[02] (15th ed. 1995). Acknowledging that,

> A multitude of cases hold that unless an appeal is timely taken, the reviewing court lacks jurisdiction to hear it. The necessity for providing a precisely ascertainable point at which litigation comes to an end strongly militates against an expansive reading of Rule 8002(a); the courts have been loathe to read it in any fashion other than strictly. Cases interpreting Rule 8002 and its predecessor, Bankruptcy Rule 802, have uniformly held that the *sine qua non* of a bankruptcy appeal is a timely filed notice of appeal.