_____

No. 96-1508
_____

Steve Veltman; Sue Veltman,        *
                                              *
        Appellants,           *
                                              *  Appeal from the United States
    v.                           *  District Court for the
                                              *  District of South Dakota.
Dennis Whetzal, Chapter 7      *
Trustee; Internal Revenue      *
Service,                    *
                                            *
        Appellees.          *

_____

Submitted:  June 12, 1996

Filed:  August 22, 1996
_____

Before BOWMAN, HEANEY, and BEAM, Circuit Judges.
_____

BEAM, Circuit Judge.

Steve and Sue Veltman (the Veltmans), co-owners of property in the bankruptcy estate of Troy and Connzella Ray (the debtors), appealed to the district court from ten bankruptcy court orders confirming the sale of fifteen lots.  The Veltmans alleged that they did not receive adequate notice that the lots were to be sold free and clear of their ownership interest.  The Veltmans now appeal the district court's[1] order dismissing their bankruptcy appeal for lack of subject matter jurisdiction for failure to file a timely notice of appeal.  We affirm.

_____

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court the District of South Dakota.

## I.   BACKGROUND

In January 1993, the debtors filed a petition under Chapter 11 of the Bankruptcy Code (Code).  The bankruptcy estate included fifteen undeveloped lots located in Oak Mountain Estates, Lawrence County, South Dakota.  The debtors owned an undivided twenty-five percent interest in the property with the Veltmans.  In July 1993, the Veltmans filed a motion in bankruptcy court to partition their interest in the property.  The bankruptcy court entered an interim order authorizing the Chapter 11 debtors to sell the lots free and clear of liens and encumbrances with the proceeds to be held in escrow until the final hearing on the motion to partition.  The Internal Revenue Service (IRS)--a creditor with a lien on the property--objected to this order because it had not received sufficient notice.  In February 1994, the bankruptcy court entered an amended interim order on the Veltmans' motion to partition.  This order again authorized the debtors to sell the property free and clear of liens and encumbrances with the proceeds to be held in escrow until the final hearing on the motion to partition.  All liens and encumbrances, including the IRS lien, were to attach to the proceeds.

Subsequently, the Veltmans, the debtors, and Norwest Bank of South Dakota (Norwest) (a creditor claiming an interest in the property) negotiated and entered into a stipulation whereby Norwest would receive sixty percent of all net proceeds of sales up to $63,000 plus interest. Under the stipulation, the Veltmans would not receive their twenty-five percent interest; rather, they would receive the remaining forty percent of all net proceeds of sales up to $77,177.03 plus interest.  The IRS opposed this stipulation because the government was not included in the division of the proceeds.  Nevertheless, on August 5, 1994, the bankruptcy court approved the stipulation over the objection of the IRS, with the condition that the stipulation would be subject to the terms of the amended interim order.  One such term provided:

>    "[T]hat the Debtors are authorized to sell lots free and clear
>    of all liens and encumbrances with the sales proceeds remaining
>    after payment and settlement of the authorized expenditures to
>    be escrowed in an interest-bearing account, with all liens and
>    encumbrances on the real estate to attach to the proceeds of
>    the sale in the order of their priority, including any liens of
>    the United States of America, acting through the Internal
>    Revenue Service, with such priority and distribution of
>    proceeds to be determined by this [bankruptcy court] at a
>    future hearing in this case."

Veltman v. Whetzal, 192 B.R. 201, 202 (D.S.D. 1996) (quoting the Order Approving Stipulation, dated August 5, 1994, at 1-2).

In January 1995, the debtors' Chapter 11 case was converted to a Chapter 7 proceeding. In August, the Chapter 7 trustee, Dennis Whetzal (Trustee), filed a motion requesting the bankruptcy court to authorize the sale of the real property "free and clear of all liens, encumbrances and interests." Id. (emphasis added by district court). Interested parties, including the Veltmans, received notice of the motion. No objections to this motion were filed and on September 8, 1995, the bankruptcy court entered an order approving the sale. In this order, the bankruptcy court stated that the sale of the real property was subject to the terms and conditions set forth in the Trustee's motion. The Veltmans did not appeal this decision.

Prior to the sale, the Trustee asked the Veltmans to commit to selling their interest at the auction and delivering their deeds at closing. The Veltmans agreed in a letter dated September 29, 1995, in which they also referenced the stipulation. The property was sold at an auction for approximately $273,000. The Trustee prepared deeds for the Veltmans to execute.[2] On October 3, 1995, the Trustee filed a motion to confirm the sale of the real property

---

[2]The Veltmans did not execute and deliver the deeds, however, until ordered to do so by the district court in the spring of 1996.

free of all liens, encumbrances, and interests in the property. The Veltmans filed an objection to the Trustee's motion, stating that: (1) they were willing to comply with the stipulation and the bankruptcy court order dated August 5, 1994; (2) they had no objection to the sale of their interest in the property on the terms and conditions of the stipulation; (3) they had no objection to the results of the auction sale; and (4) they did not want their proceeds to be commingled with the funds of the bankruptcy estate. The Veltmans then filed a motion to release the proceeds of the sale according to the terms of the stipulation. The bankruptcy court denied the Veltmans' motion and confirmed the sale in ten separate orders dated October 26, 1995. On November 2, 1995, the Veltmans filed a notice of appeal from those orders and a motion to stay action pending appeal, which the bankruptcy court denied on November 6, 1995.

The Veltmans appealed to the district court, which found that it lacked subject matter jurisdiction to decide the case because the Veltmans had failed to appeal the September 8th bankruptcy court order authorizing the sale of the real property within ten days of the date of the entry of judgment as required. See Fed. R. Bankr. P. 8002(a). Rejecting the Veltmans' contention that the order of September 8, 1995, failed to provide them with adequate notice of any intent to sell the property free and clear of their ownership interest, the district court dismissed the Veltmans' appeal. The Veltmans now appeal from the district court's order.

On appeal, the Veltmans contend that their notice of appeal filed on November 2, 1995, was timely. They argue that the bankruptcy court's October 26th orders confirming the sale notified them for the first time that the property was sold free and clear of their interest. They also assert that the bankruptcy court could not transfer their fee interest in the property without first conducting an adversarial proceeding.

## II.  DISCUSSION

We must first determine which bankruptcy court order authorized the sale of the property free and clear of the Veltmans' interest.  The Veltmans contend that the September 8th order did not so authorize the sale of the property because:  (1) that order failed to provide them with adequate notice; and (2) the bankruptcy court failed to comply with provisions in the Code that require an adversarial proceeding and specific determinations prior to selling the interest of a non-debtor co-owner.

Turning first to the question of adequate notice, we agree with the district court that the September 8th order provided the Veltmans with sufficient notice that the property was to be sold free and clear of their interest.[3]  Under the Code, a Chapter 7 trustee has the authority to sell the real property in the bankruptcy estate after notice and a hearing.  11 U.S.C. § 363(b)(1).  The notice and hearing required prior to sale of the real property are defined in the Code as follows:

> (1)  "after notice and a hearing", or a similar phrase--
>
>> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>>
>> (B) authorizes an act without an actual hearing if such notice is given properly and if--
>>
>>> (i) such a hearing is not requested timely by a party in interest.
>
> . . . .

---

[3]The Veltmans do not assert that the notice requirements set out in the bankruptcy rules were violated.  See Fed. R. Bankr. P. 2002.

11 U.S.C. § 102(1). The bankruptcy court's September 8th order approved the sale of the property subject to the terms and conditions set out in the Trustee's motion. One such condition was that the court authorize the sale of the real property free and clear of all liens, encumbrances and <u>interests</u>. This language provided the Veltmans with adequate notice that the property was to be sold free and clear of their ownership interest. They filed no objection to the Trustee's motion and did not appeal the bankruptcy court's September 8th order. Therefore, the Veltmans received adequate notice and waived their request for a hearing.

The Veltmans first filed a notice of appeal on November 2, 1995, after the bankruptcy court entered several orders confirming the sale of the property on October 26, 1995. In general, failure to file a timely notice of appeal from a bankruptcy court's order deprives the district court of jurisdiction to review that order. <u>See</u>, <u>e.g.</u>, <u>Jacobson v. Nielsen</u>, 932 F.2d 1272 (8th Cir. 1991) (per curiam). An appeal from a bankruptcy court order to a district court must be made by filing a notice of appeal with the clerk within ten days of the entry of that order. Fed. R. Bankr. P. 8001(a) & 8002(a). We agree with the district court that the Veltmans should have filed their notice of appeal within ten days of September 8, 1995. <u>See</u> Fed. R. Bankr. P. 9006(a) (setting out the method to calculate the ten-day period). Therefore, the district court correctly concluded that it lacked subject matter jurisdiction to review the bankruptcy court's September 8th order.

We also doubt that the October 26th orders are now reviewable because the property has already been sold.  See 11 U.S.C. § 363(m).[4]  Even if we review the later bankruptcy court orders of

---

[4]As argued by the IRS in its motion to dismiss for lack of subject matter jurisdiction, which was submitted to us after oral argument, once a sale becomes final and a stay is not entered the sale cannot be reviewed on appeal.  See 11 U.S.C. § 363(m); see also In re CGI Indus., Inc., 27 F.3d 296, 299 (7th Cir. 1994) (stating that two complementary policies support this conclusion: (1) the importance of encouraging finality in bankruptcy sales by protecting good-faith purchasers; and (2) the court's general jurisdictional bar from deciding cases in which it cannot provide a remedy).  But see In re Moberg Trucking, Inc., 112 B.R. 362, 363 (Bankr. 9th Cir. 1990) (stating that subsection 363(m) does not render an appeal unreviewable when the appellant seeks to attack the section 363 sale on the grounds of improper notice). The IRS also submitted an affidavit by the Trustee in which the Trustee attested that the real property had been conveyed to each buyer by trustee's deed, that the Veltmans had supplied the warranty deeds as ordered by the district court, and that those deeds had been filed.

October 26, the Veltmans have failed to establish that the bankruptcy court erred in authorizing the sale of the property free and clear of the Veltmans interest. Under the Code, a bankruptcy trustee may sell property of the bankruptcy estate under subsection 363(b) "free and clear of any interest in such property of an entity other than the estate" if "such entity consents." 11 U.S.C. § 363(f)(2). In the stipulation, the Veltmans consented to the sale of the property free and clear of their interest. They also consented to the sale of their property interest in their letter of September 29, 1995. Moreover, the Veltmans did not dispute their obligation to execute and supply the deeds to the real property in their objection to the bankruptcy court's October orders confirming the sale. Instead, they objected to any sale in which they would receive an amount different than the sum agreed to in the stipulation. Thus, the Veltmans consented to the sale of the lots and have waived any objection to the sale.[5]

The Veltmans contend that their consent to the sale was conditioned upon the enforcement of the stipulation. The Veltmans

_____

[5]Because the Veltmans consented to the sale of the property, we need not rely on a theory of implied consent. Some courts have found implied consent, however, when a party with an interest in the bankruptcy estate fails to object after receiving notice of the sale under subsection 363(f)(2). See In re Tabone, Inc., 175 B.R. 855, 858 (Bankr. D.N.J. 1994); In re Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988).

understandably express concern about the amount they will receive for their property interest without the protection of the stipulation. Because this question is essentially one of valuation, however, it is best left to the bankruptcy court to resolve. While we recognize that the stipulation was entered into while the case was proceeding under Chapter 11, the terms of the stipulation seem to provide a fair and equitable resolution to the valuation dispute. Unlike other "creditors," the Veltmans had an ownership interest in the property. Moreover, the stipulation was executed by the parties and accepted by the bankruptcy court on several occasions. Lastly, as the district court noted, the Trustee did not submit a proposed distribution of sale proceeds to the bankruptcy court. <u>Veltman</u>, 192 B.R. at 202-03. In any event, we leave it to the bankruptcy court to determine the value of the Veltmans' property interest in the fund.

The Veltmans next contend that the bankruptcy court erred in authorizing the sale of their property interest without first complying with bankruptcy provisions that require an adversarial proceeding prior to the sale of an innocent co-owner's interest in a bankruptcy estate. <u>See</u> 11 U.S.C. § 363(h); Fed. R. Bankr. P. 7001. As discussed above, we do not have subject matter jurisdiction to review the September 8th order authorizing the sale because the Veltmans failed to file a timely notice of appeal from that order. Moreover, it is doubtful that any of the bankruptcy court's orders are reviewable now that the sale of the property has become final. <u>See</u> 11 U.S.C. § 363(m); <u>see also</u> <u>supra</u> note 4. In any event, the Veltmans have waived this argument by failing to present it to the bankruptcy court in a timely manner.

If we reviewed the Veltmans' contention, we would find it to be without merit. As the Veltmans acknowledge in their brief, subsection 363(h) is inapplicable if the non-debtor property owner consented to the sale. We have already concluded that the Veltmans consented to the sale of the property free and clear of their

interest and thus neither the protection provided by subsection 363(h) nor a hearing was necessary.[6]

## III.  CONCLUSION

For the reasons discussed above, we conclude that we lack subject matter jurisdiction to review this appeal.  Accordingly, we affirm the district court's order and leave it to the bankruptcy court to resolve the valuation question as to the amount the Veltmans should receive for their ownership interest in the property that was sold.  The parties may also present their arguments for costs, damages, and sanctions to the bankruptcy court for consideration along with the valuation issue.  All pending motions are denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[6]The Veltmans reliance on In re Wickham, 127 B.R. 9, 11 (Bankr. E.D. Va. 1990) is misplaced.  In that case, the court held that the trustee must comply with the requirements of subsection 363(h) as well as those in subsection 363(f) to sell a non-debtor, co-owner's interest in tenancy by the entirety property in the bankruptcy estate because the co-owner opposed the sale.  The Veltmans' consent to the sale makes this a different case.