124 F.3d 204
 80 A.F.T.R.2d 97-5058
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Bruce M. PETERSON, Debtor-Appellant.
 No. 96-3462.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1997.*
Decided June 26, 1997.
 
 Before CUMMINGS, BAUER and WOOD, Circuit Judges.
 Appeal from the United States District Court for the Western District of Wisconsin, No. 96 C 458; John C. Shabaz, Chief Judge.
 
 ORDER
 
 1
 Bruce Peterson appeals the dismissal of his Chapter 13 bankruptcy petition. See 11 U.S.C. §§ 1301-30. After Peterson filed his petition and reorganization plan, the United States moved to dismiss his case or to convert it to a Chapter 7 liquidation because the plan failed to provide for the payment of over § 140,000 in federal income taxes and penalties he owed, and because he failed to file income tax returns for the years 1990 through 1993. see 11 U.S.C. § 1307(c). Peterson failed to file a timely objection to the government's motion, and the bankruptcy court dismissed his case.
 
 
 2
 On April 9, 1996, Peterson filed a motion for reconsideration. The bankruptcy court held a hearing on that motion on April 29, and entered an order denying the motion on the same day. On May 10, 1996--11 days after the bankruptcy court entered its order denying Peterson's motion for reconsideration--Peterson filed a notice of appeal. The district court considered Peterson's appeal on the merits and affirmed the bankruptcy court.
 
 
 3
 Bankruptcy Rule 8002 requires that "[t]he notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of entry of the judgment, order or decree appealed from." Although the Federal Rules of Civil Procedure provide that Saturdays and Sundays do not count in the computation of time "[w]hen the period of time prescribed or allowed is less than 11 days," Fed.R.Civ.P. 6(a), the Bankruptcy Rules exempt Saturdays and Sundays only "when the period of time prescribed or allowed is less than seven days." Bankruptcy Rule 9006(a). Because Peterson had 10 days in which to file his notice of appeal, Saturday, May 4 and Sunday, May 5 counted in the computation of Peterson's time limit, which expired on May 9, 1996.
 
 
 4
 Thus, Peterson filed his notice of appeal one day after the 10-day filing period expired. He did not file a motion for an extension of time, see Bankruptcy Rule 8002(c), and accordingly, his notice of appeal was untimely. Because his notice of appeal was untimely, the district court lacked jurisdiction to consider Peterson's appeal. In re Schultz Mfg. Fabricating Co., 956 F.2d 686, 689 (7th Cir.1992). See also Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3rd Cir.1997); Veltman v. Whetzal, 93 F.3d 517, 520-21 (8th Cir, 1996); In re Aguilar, 861 F.2d 873, 874 (5th Cir.1988).[1]
 
 
 5
 Accordingly, we REVERSE and REMAND to the district court with instructions to dismiss Peterson's appeal for lack of jurisdiction
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P.34(a); Cir. R. 34(f)
 
 
 [1]
 Peterson's sole response to the government's argument-that the district court lacked jurisdiction to consider his appeal--is to refer to the notice of Transmittal of Record on Appeal from the bankruptcy court to the district court, in which the clerk of the bankruptcy court referred to Peterson's "notice of appeal dated May 8, 1996." Peterson claims that "[i]n view of that statement, it would appear that the Notice of Appeal was timely filed." This argument is meritless. Regardless of what day Peterson dated his notice, it was not received or filed in the bankruptcy court until May 10. Bankruptcy Rule 8002(a) requires a notice of appeal to be "filed with the clerk of the bankruptcy court within ten days," not merely dated within ten days