# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 97-10796
Summary Calendar

In the Matter of: BILLY RAY DELP, JR.

Debtor.

LEONA REA,

Appellant,

VERSUS

MICHAEL HARRISON; HARVISON GROUP,

Apellees.

Appeal from the United States District Court
For the Northern District of Texas
(4:96-CV-947)

January 16, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Leona Rea appeals the denial of her motion to extend time to file her appeal. Rea filed her

motion in the Bankruptcy Court on October 25, 1996 after learning that the bankruptcy court entered

an "Order Granting Motion for Authority to Compromise Controversy" on October 11, 1996.[2] She

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] This was Rea's second motion to seek an extension of time to file an appeal in this case. On January 3, 1996, the bankruptcy court granted Rea an extension because her attorney did not receive notice of an earlier bankruptcy court order.

argued that her failure to file a notice of appeal within 10 days was due to excusable neglect because the clerk had not mailed a copy of the order to her attorney. Billy Ray Delp, Jr., the debtor, filed a similar motion to extend time to appeal. The district court affirmed the denial of the motion with respect to Rea, but remanded the case with respect to Delp. We have jurisdiction over Rea's current appeal. The district court's order is final and conclusive with respect to Rea, and the remaining proceedings are unrelated to the issues raised in this appeal.

Bankruptcy Rule 8002(c) authorizes the bankruptcy court to grant a motion to extend time to file an appeal after the expiration of the usual 10-day period to appeal[3] only in cases of "excusable neglect".[4] Rea has failed to meet this standard. Failure of the clerk to send notice to a party does not, of itself, amount to excusable neglect[5] Rea's only argument is that the clerk did not send notice of the order. Rea received notice of the proposed findings of fact, and was on notice that an order was to be issued. We will not excuse Rea's failure to perfect a timely appeal in this instance.

The judgment of the district court is AFFIRMED.

---

[3]     Fed. R. Bankr. P. 8002 (a).

[4]     *In re Moody*, 41 F.3d 1024, 1026 (5th Cir. 1995).

[5]     See 9 *Collier on Bankruptcy ¶ 8002.07 (1989); Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1202 (5th Cir. 1993).