**United States Bankruptcy Appellate Panel**
**FOR THE EIGHTH CIRCUIT**

_____

No. 98-6020MN
_____

In re:                                    *
                                          *
Jerry Clark Vincent,                      *
                                          *
     Debtor.                              *
                                          *        Appeal from the United States
Dwight R.J. Lindquist, Trustee,           *        Bankruptcy  Court
for the
                                          *        District of Minnesota
     Plaintiff - Appellee,                *
                                          *        [UNPUBLISHED]
          v.                              *
                                          *
City Meat Market of St. Paul, Inc.,       *
                                          *
     Defendant - Appellant.               *

_____

Submitted: March 17, 1998
Filed: March 20, 1998
_____

Before KOGER, Chief Judge, WILLIAM A. HILL,  and SCHERMER, Bankruptcy
Judges.

_____

PER CURIAM.

     The defendant-appellant, City Meat Market of St. Paul, Inc. ("CMM"),
and the plaintiff-appellee, Dwight R.J. Lindquist ("trustee"), were parties
to an adversary proceeding before the bankruptcy court.  On March 3, 1998,
CMM filed a notice of appeal from the following orders of the bankruptcy
court, which were entered in connection with the adversary proceeding:

(1) an order granting partial summary judgment in favor of the trustee, entered January 7, 1998; (2) orders denying CMM's objection, and granting trustee's motion, to dismiss count one of the trustee's complaint, entered February 19, 1998; and (3) a judgment in favor of trustee against CMM in the amount of $32,429.03, entered February 19, 1998.

Pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). CMM filed its notice of appeal outside the ten day period provided for in the rule. See Fed. R. Bankr. P. 9006(a). Additionally, CMM has not made a request for an extension of time to appeal the rulings of the bankruptcy court pursuant to Rule 8002(c).

Thus, CMM has failed to timely file its notice of appeal. Its failure deprives us of jurisdiction to entertain its appeals, which must therefore be dismissed. See Veltman v. Whetzal, 93 F.3d 517, 520-21 (8th Cir. 1996); Jacobson v. Nielsen, 932 F.2d 1272-73 (8th Cir. 1991); accord Solomon v. Smith (In re Moody), 41 F.3d 1024, 1026-27 (5th Cir. 1995); see also In re Morrilton Plastics Prods., Inc., 177 B.R. 622, 624 n.4 (Bankr. E.D. Ark. 1995).

Accordingly, CMM's appeals from the bankruptcy court are DISMISSED.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL, EIGHTH CIRCUIT.