# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

─────────────────

No. 97-41191

─────────────────

In The Matter Of:  DON VICENTE MACIAS, INCORPORATED,

Debtor.

─────────────────

DON VICENTE MACIAS, INCORPORATED,

Appellant-Cross-Appellee,

versus

TEXAS GULF TRAWLING COMPANY, INCORPORATED;
ZIMCO MARINE INCORPORATED;
MARINE RAILWAY INCORPORATED,

Appellees/Cross-Appellants.

─────────────────

No. 98-40029

─────────────────

In The Matter Of: CICLON NEGRO, INC.,

Debtor.

─────────────────

CICLON NEGRO, INC.,

Appellee,

versus

TEXAS GULF TRAWLING COMPANY, INCORPORATED,

Appellant.

─────────────────

No. 98-40030

─────────────────

In The Matter Of:  DON VICENTE MACIAS, INCORPORATED,
CICLON NEGRO, INC.,

─────────────────

TEXAS GULF TRAWLING COMPANY, INCORPORATED,

**Appellant,**

**versus**

**DON VICENTE MACIAS, INCORPORATED,**

**Appellee.**

---

**Appeals from the United States District Court
for the Southern District of Texas**

---

March 4, 1999

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

As part of the debtors' chapter 11 bankruptcy proceeding, Texas Gulf Trawling ("Texas Gulf") filed a proof of claim in the amount of $370,000. In addition to objecting to the proof of claim, the debtors filed adversary proceedings challenging the secured status of Texas Gulf's proof of claim. In two separate proceedings, the bankruptcy court approved Texas Gulf's proof of claim in the amount of $300,000 and ruled that Texas Gulf held a valid lien in that amount. The bankruptcy court's first opinion, rendered in July 1995, was later incorporated into an opinion and final order entered on December 19, 1995.

According to the record, no party filed a notice of appeal within the ten day deadline prescribed by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bank. Proc. 8002(a) ("The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of judgment, order, or decree appealed

2

from."). Appellant Ciclon Negro filed a Motion for Leave to Appeal on January 19, 1996 and attached as an appendix thereto a Notice of Appeal. In addition, appellant Don Vicente Macias filed a Motion for Leave to Appeal on February 12, 1996. Many months later, in May 1997, the district court denied the debtors' motions, dismissed the appeals, and remanded the matter to the bankruptcy court for continued administration. Under the circumstances, the remand order was superfluous, since refusal to grant the appeals made the bankruptcy court's decision final.

"Failure to file a timely notice [of appeal] deprives the district court of jurisdiction to consider the appeal." *Solomon v. Smith*, 41 F.3d 1024, 1026 (5th Cir. 1995). Because the district court did not have jurisdiction to review the merits, this court lacks jurisdiction over the merits raised on appeal by Don Vicente Macias and Texas Gulf. *See Arbuckle v. First Nat'l Bank of Oxford*, 988 F.2d 29, 32 (5th Cir. 1993). We therefore affirm the district court's dismissal of the appeal.

**AFFIRMED.**