# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1531

_____

In re:  L. D. McMullan; Nila Owens McMullan,

        Debtors,

------------------

L. D. McMullan; Nila Owens McMullan,

        Appellants,

    v.

National Bank of Commerce; Walter M. Dickinson,

        Appellees.

On Appeal from the United States Bankruptcy Appellate Panel for the Eighth Circuit.

[Not to be Published]

_____

Submitted:  September 2, 1999

Filed:  September 13, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

L. D. McMullan and Nila Owens McMullan filed a motion for reconsideration in their bankruptcy case. The Bankruptcy Court[1] denied the motion. The Bankruptcy Appellate Panel (BAP) dismissed the McMullans' subsequent appeal as untimely, and they now appeal that dismissal.

It is undisputed that the McMullans were required to file their notice of appeal with the Bankruptcy Court by December 28, 1998. See Fed. R. Bankr. P. 8002(a) (notice of appeal must be filed within ten days of date of entry of order appealed from). The Bankruptcy Court received the notice of appeal on December 29 and filed it the following day. We treat December 29 as the date of filing, but the notice was still untimely. Although the McMullans argue that they acted in good faith and that the delay in transmission of the notice of appeal was not within their control (the delay seems to have been the fault of Federal Express), they did not move for or receive an enlargement of time within which to file the notice of appeal, see Fed. R. Bankr. P. 8002(c). Because the notice of appeal was not timely, the BAP was without jurisdiction over the appeal. See Veltman v. Whetzal, 93 F.3d 517, 520-21 (8th Cir. 1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Mary Davies Scott, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.