# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6011

_____

In re: Genmar Holdings, Inc.

*Debtor*

-----------------------------

David Scot Lynd

*Claimant - Appellant*

v.

Charles W. Ries

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted:  April 30, 2013
Filed:  May 3, 2013

_____

Before FEDERMAN, Chief Judge, NAIL and SALADINO, Bankruptcy Judges.

_____

Arthur B. Federman,  Bankruptcy Judge.

David Scot Lynd, *pro se*, appeals from the Order of the Bankruptcy Court[1] denying his Motion for Reconsideration of Claim. For the reasons that follow, we AFFIRM.

FACTUAL BACKGROUND

On June 1, 2009, Genmar Holdings, Inc., and twenty-two of its subsidiaries, including Wood Manufacturing Company, Inc., filed voluntary Chapter 11 petitions in the District of Minnesota. The cases were being jointly administered. Mr. Lynd filed a claim on November 17, 2009, and an amended claim on June 7, 2010, against Debtor Wood Manufacturing Company, Inc. for "restitution" in the amount of $678,799.18.

On November 27, 2009, Debtor Genmar Holdings, Inc. filed a Motion for Orders authorizing the Debtors to, *inter alia*, sell assets free and clear of liens, claims, interests and encumbrances (the "Sale Motion"). A hearing on the Sale Motion was held on December 8, 2009 and the Bankruptcy Court entered an Order on December 14, 2009 approving and authorizing the requested relief. Pursuant to that Order, the Debtors received bids and conducted an auction on January 7 and 8, 2010. On January 14, 2010, following a hearing, the Bankruptcy Court issued an order approving the sale of the majority of the Debtor's assets to Project Boat Holdings, LLC.

On August 10, 2010 and September 10, 2010, Mr. Lynd filed identical Motions for Payment of Monies Due for Restitution in which he demanded immediate payment of his claim. On September 17, 2010, the Debtors filed an objection to the motion because it was premature and because Mr. Lynd's claim, if

---

[1] The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

allowed, did not entitle him to immediate payment for "restitution." On September 23, 2010, the Bankruptcy Court issued an Order denying Lynd's Motion (the "2010 Order")). On October 5, 2010, Mr. Lynd filed a Notice of Appeal from the 2010 Order.

On November 22, 2010, while Mr. Lynd's appeal was pending, Mr. Lynd filed with the Bankruptcy Court a "Motion Request for Clarification of Order" requesting clarification of the 2010 Order to determine which entity or individual would be responsible for paying his "restitution" claim "now and after the completion of the Bankruptcy case," given that Genmar Corporation's assets had been sold.

On November 23, 2010, the case was converted from Chapter 11 to Chapter 7, and on November 24, 2010, the Bankruptcy Court terminated the joint administration of the cases.

On December 14, 2010, the Bankruptcy Court denied Mr. Lynd's "Motion Request for Clarification of Order" because, the Court concluded, it sought legal advice. The Court noted, however, "that the earlier motion for payment was denied because, although the movant's claim might have been a nondischargeable debt in the Chapter 11 case, it was not entitled to administrative or priority payment from the estate of the jointly administered debtor who was liable. It will not be discharged in the Chapter 7 case either because Chapter 7 corporate debtors do not receive discharges."

On March 8, 2011, the BAP dismissed Mr. Lynd's appeal for failure to pay the filing fee. Mr. Lynd appealed to the Eighth Circuit Court of Appeals, which ultimately dismissed the appeal on December 19, 2011, for procedural reasons. The formal mandate was issued by the Eighth Circuit on February 2, 2012.

On January 25, 2013, Mr. Lynd filed a "Motion for Reconsideration of Claim" pursuant to Federal Rule of Bankruptcy Procedure 3008.[2] Although Mr. Lynd's Motion for Reconsideration of Claim does not specifically mention which Order he sought reconsideration of, the Chapter 7 Trustee opposed the Motion on the ground that, since the Bankruptcy Court had not denied Mr. Lynd's claim, the Motion seeking reconsideration under Rule 3008 was premature. On February 28, 2013, the Bankruptcy Court issued an Order denying Mr. Lynd's Motion for Reconsideration of Claim. On March 14, 2013, Mr. Lynd filed a Notice of Appeal mentioning due process and equal protection grounds, as well as "the actual motion denial."

## STANDARD OF REVIEW

We review the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*.[3]

## DISCUSSION

As the Trustee asserts, it is not altogether clear what relief Mr. Lynd sought in his January 25, 2013 Motion for Reconsideration of Claim, or what relief he seeks in this appeal. If he is requesting reconsideration of the 2010 Order denying his request to pay his "restitution" claim immediately, this appeal is out of time and we lack jurisdiction to review it.[4] If he is requesting relief from the January 14,

---

[2] Rule 3008 provides, in relevant part: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 3008.

[3] *Lange v. Mutual of Omaha Bank* (*In re Negus–Sons, Inc.*), 460 B.R. 754, 755 (B.A.P. 8th Cir. 2011).

[4] Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree

2010 Order approving the sale of assets, or the November 23, 2010 Order converting the case to Chapter 7, he is, again, out of time. To the extent he seeks reconsideration of the allowance or disallowance of his claim, both his Motion and this appeal are premature because the Bankruptcy Court has not yet ruled on the allowance or disallowance of his claim.

The gist of Mr. Lynd's appeal is that he wants the Bankruptcy Court to enter an Order simply requiring that his "restitution" claim be paid from some source. Mr. Lynd asserts that the purported debt owed to him is not a "claim" to be "included" in this bankruptcy at all because it is for "restitution."[5] However, as the Trustee points out, the Supreme Court has ruled that a criminal restitution obligation is a claim within the scope of the Bankruptcy Code's definition of "claim."[6] Although certain restitution claims may be nondischargeable in an individual debtor's bankruptcy case,[7] that does not mean that the holder of a restitution judgment does not have a claim in the bankruptcy case subject to the asset collection and distribution scheme of the Bankruptcy Code. To the extent such a claim, if nondischargeable, is not satisfied in an individual's bankruptcy

appealed from."); *Veltman v. Whetzal*, 93 F.3d 517, 520-21 (8th Cir. 1996) ("In general, failure to file a timely notice of appeal from a bankruptcy court's order deprives the [appellate] court of jurisdiction to review that order.").

[5] Mr. Lynd does not specify any basis for his "restitution" claim, so his argument is particularly difficult to discern.

[6] *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558-60 (1990) (holding that a restitution order is a "debt," which is coextensive with "claim.").

[7] *See*, *e.g.*, 11 U.S.C. § 1328(a)(3). Corporations, in contrast, are not granted a Chapter 7 discharge under the Bankruptcy Code and since the Debtors here are corporations, they will not receive discharges upon completion of the Chapter 7 cases.

case, it survives the discharge. In sum, contrary to Mr. Lynd's assertion, any prepetition restitution claim he may have against one of the Debtors is "included" in these bankruptcy cases. Unfortunately, even if such a claim were to be allowed, it appears that there are not sufficient assets in the bankruptcy estate to pay it. However, that does not give the Bankruptcy Court any authority to order someone other than the Debtor to pay any amount which may be owed to Mr. Lynd, which is apparently what he asks for here.

As the Trustee correctly points out, "[t]he limited purpose of a corporate Chapter 7 bankruptcy case is the fair and orderly liquidation of corporate assets."[8] If Mr. Lynd has a claim against one of the Debtors (for restitution or otherwise), the Bankruptcy Court is constrained in its treatment of that claim by the Bankruptcy Code. To the extent that Mr. Lynd is requesting the Bankruptcy Court to deviate from the Code and Order that his claim be paid from some source not authorized by the Code, the Bankruptcy Court is without the authority to grant the relief he requests.

ACCORDINGLY, because the Bankruptcy Court could not grant Mr. Lynd the relief he requested, the Bankruptcy Court's Order denying Mr. Lynd's Motion for Reconsideration of Claim is AFFIRMED.

_____

---

[8] *See In re Lang,* 398 B.R. 1, 4 (Bankr. N.D. Iowa 2008) (citation omitted).