RUTH T. STEFFENS, ALLISON
PLEASANT, ANDY PLEASANT
and DAVID R. PLEASANT,

Plaintiffs,

v.                                                    No. 99-1253

WILLIAM W. STEFFENS, JOHN
BRUCE STEFFENS, KRISTIN K.
STEFFENS, STEFFENS FAMILY
REVOCABLE LIVING TRUST,
a trust organized under the laws of
Colorado and THE FEDERAL LAND
BANK OF WICHITA, doing business
as Farm Credit Services,

Defendants-Appellees,

and

JOHN NOFFSKER,
LINDA SCHOONHOVEN, and
JUDGE JAMES D. CHILDRESS,

Defendants,

J.E. LOSAVIO,

Attorney-Appellant.

ORDER
Filed May 26, 2000

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

This matter is before the court on petition of appellant, Joseph E. Losavio, for rehearing of this court's order and judgment filed April 17, 2000. Appellant's motion for leave to file the petition out of time is granted. Appellant correctly contends the order and judgment erroneously states the district court granted the defendants' motions for summary judgment. The district court granted defendants' motions to dismiss and then ruled the pending motions for summary judgment were moot. Appellant also correctly contends that the order and judgment erroneously indicates that, in denying the defendants' Fed. R. Civ. P. 11 motion, the district court expressly singled out Mr. Crawford's affidavit when it held there was sufficient evidence to support plaintiffs' complaint. Accordingly, the hearing panel has revised the order and judgment issued April 17, 2000 to correct these errors.

The members of the hearing panel have considered appellant's arguments on the merits of this court's disposition of his appeal, and conclude that the

original disposition was correct.  Therefore, the petition for rehearing is denied

on the merits.  A copy of the corrected order and judgment is attached.

Entered for the Court
PATRICK FISHER, Clerk of Court


By:
Keith Nelson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUTH T. STEFFENS, ALLISON
PLEASANT, ANDY PLEASANT
and DAVID R. PLEASANT,

        Plaintiffs,

v.

WILLIAM W. STEFFENS, JOHN
BRUCE STEFFENS, KRISTIN K.
STEFFENS, STEFFENS FAMILY
REVOCABLE LIVING TRUST,
a trust organized under the laws of
Colorado and THE FEDERAL LAND
BANK OF WICHITA, doing business
as Farm Credit Services,

        Defendants-Appellees,

   and

JOHN NOFFSKER,
LINDA SCHOONHOVEN, and
JUDGE JAMES D. CHILDRESS,

        Defendants,

J.E. LOSAVIO,

        Attorney-Appellant.

No. 99-1253
(D.C. No. 96-WM-317)
(D. Colo.)

**ORDER AND JUDGMENT** [*]

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Joseph E. Losavio, counsel for plaintiffs in this 42 U.S.C. § 1983 action, appeals the district court's order imposing sanctions against him pursuant to 28 U.S.C. § 1927 for "unreasonably and vexatiously" multiplying proceedings. Plaintiffs do not appeal the dismissal of their complaint. Mr. Losavio challenges both the imposition of sanctions and the amount of those sanctions. This court reviews the district court's imposition of sanctions pursuant to § 1927 for an abuse of discretion. *See Resolution Trust Corp. v. Dabney* , 73 F.3d 262, 265 (10th Cir. 1995). We affirm.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

BACKGROUND

Plaintiff Ruth T. Steffens and defendant William W. Steffens were seeking a divorce in a Colorado state court dissolution proceeding presided over by the Honorable O. John Kuenhold. The parties agreed to sell a jointly-owned 2,300 acre cattle ranch in Rio Grande County, Colorado (the Ranch), but disagreed upon its fair market value. They agreed to list the Ranch for several months and, if no offer greater than $1.3 million was received by September 1, 1995, to accept an offer for the Ranch for $1.3 million from William Steffens' son and daughter-in-law, defendants John Bruce and Kristin Steffens.

On October 2, 1995, Judge Kuenhold ordered the Ranch sold to John Bruce and Kristin Steffens, finding that two offers presented by Ruth Steffens were not bona fide or not in the best interest of the marital estate. John Bruce and Kristin Steffens had reduced their bid to $1.235 million and revealed that their offer was based on a subcontract to sell 1,600 acres of the Ranch to defendants John Noffsker and Linda Schoonhoven. Judge Kuenhold ruled that the offer from the Steffens was fair, bona fide and reasonable, and ordered the Ranch be sold to them on November 1, 1995. Ruth Steffens appealed this order to the Colorado Court of Appeals on October 31, 1995, but the appeal was dismissed on November 30, 1995 for lack of a final, appealable order.

The sale of the Ranch to the Steffens was closed on January 17, 1996. A hearing was scheduled for February 13, 1996 in Colorado state court to confirm the sale and resolve the distribution of the sale proceeds. Days prior to the hearing, however, Ruth Steffens and her daughter and son-in-law filed this underlying 42 U.S.C. § 1983 complaint in federal district court seeking an injunction prohibiting Judge Kuenhold from confirming the sale of the Ranch or from entering any permanent orders in the state dissolution proceeding. The complaint was filed on behalf of plaintiffs by Mr. Losavio and his associate, Margaret Laniak Herdeck. The § 1983 complaint alleged that defendants, including Judge Kuenhold, the Rio Grande County sheriff and deputy sheriff, and Farm Credit Services, which was financing the Steffens' purchase of the Ranch, had all conspired to violate plaintiffs' due process rights in connection with the court-ordered sale of the Ranch. On behalf of plaintiffs, Mr. Losavio also filed a notice of lis pendens encumbering the Ranch.

The defendants filed motions to dismiss and, on April 1, 1996, filed a motion for sanctions under Fed. R. Civ. P. 11, asserting that the federal complaint had been filed for improper purposes, including delaying the sale of the Ranch and the completion of the state dissolution proceedings. On April 15, 1996, plaintiffs filed a motion in state court seeking to disqualify Judge Kuenhold.

This disqualification motion alleged that Judge Kuenhold had once represented the real estate agent who was brokering the sale of the Ranch. The motion also attached an affidavit from a person named Thomas Crawford which stated that Mr. Crawford knew Judge Kuenhold and had personal knowledge that the judge was a close personal friend of both John Bruce Steffens and the real estate agent. Mr. Crawford stated in his affidavit that he had seen Judge Kuenhold at social gatherings with these men and had seen ten or fifteen photographs taken within the last two years showing the judge hunting or fishing with these two men. Based on Mr. Crawford's affidavit, Judge Kuenhold recused himself from the state dissolution proceedings on May 29, 1996. He stated that Mr. Crawford's allegations were untrue, but had to be accepted as true for purposes of the recusal motion, and therefore, were an adequate basis to require his recusal. On May 15, 1996, the federal district court denied defendants' Rule 11 motion for sanctions, finding that there was a sufficient evidentiary basis to support the claims asserted in the federal § 1983 complaint.

When Mr. Crawford's deposition was taken by defendants on September 5, 1996, however, he repudiated all of the substantive assertions in his affidavit attached to the motion to disqualify Judge Kuenhold. Mr. Crawford testified in his deposition that he had never seen photographs of Judge Kuenhold with John Bruce Steffens and the real estate agent, and that he had no personal knowledge

that the three men were friends. In his deposition, the real estate agent testified that Judge Kuenhold represented him in several matters twenty to twenty-five years prior to the state dissolution proceedings.

Despite this new information, Mr. Losavio continued to prosecute the § 1983 action on behalf of plaintiffs. He filed a motion to amend the federal complaint a second time on November 7, 1996, seeking to delete the county sheriffs as defendants and to substitute the District Court of Rio Grande County, Colorado, for Judge Kuenhold. The district court gave plaintiffs leave to delete the claims against the sheriffs, but denied them leave to substitute the state district court as a party because any suit against it would be barred by the Eleventh Amendment. Plaintiffs filed their second amended complaint on December 6, 1996, substituting the Honorable James D. Childress, who was then the presiding judge in the state dissolution proceeding, for Judge Kuenhold.

The federal district court granted defendants' motions to dismiss on January 27, 1997, ruling that "it is clear" the federal court must abstain from considering plaintiffs' claims under the *Younger* abstention doctrine. Appellee's Supp. App. at 32; *see Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings by granting equitable relief--such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings--when

such relief could adequately be sought before the state court." *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation omitted). The district court concluded that plaintiffs failed to demonstrate any circumstances which would make *Younger* abstention inappropriate. The district court noted that even if abstention were not required under *Younger*, plaintiffs' claims against Judges Kuenhold and Childress were barred by the Eleventh Amendment and that, in the absence of these defendants, no state actor would remain to support the § 1983 complaint.

After their motions for dismissal were granted, defendants sought their attorneys' fees and costs under § 1927 against Mr. Losavio and his associate, Ms. Herdeck. Section 1927 provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Defendants' motion was referred to a magistrate judge, who held a one-day hearing on the propriety of imposing such sanctions, and a one-day hearing on the reasonableness of the fees and costs requested by defendants. The magistrate judge ruled that Mr. Losavio and Ms. Herdeck had unreasonably and vexatiously multiplied the proceedings and, therefore, that § 1927 sanctions were appropriate.

The magistrate judge concluded that, as of the date Thomas Crawford repudiated his affidavit, plaintiffs' § 1983 claim became legally frivolous and

-7-

factually groundless. It found that, while Mr. Losavio and Ms. Herdeck had not instituted the federal lawsuit in bad faith, when Judge Kuenhold recused from the state court proceedings, and when Mr. Crawford completely repudiated his affidavit, these two events "transformed what was, at best, a very marginal case into one that was completely meritless." Appellee's Supp. App. at 51. The magistrate judge concluded, therefore, that Mr. Losavio's continued prosecution of the federal action after it became apparent that it was meritless warranted sanctions.

The magistrate judge ruled that defendants were entitled to recover their reasonable costs and fees from the date Mr. Crawford repudiated his affidavit, September 5, 1996, until the court dismissed the § 1983 action on January 27, 1997. The magistrate judge also ruled that defendants were entitled to recover their reasonable attorneys' fees, costs and expenses incurred in seeking the § 1927 sanctions. The magistrate judge reduced the amount of fees requested by each group of defendants with respect to defending the § 1983 claim and with respect to pursuing the sanctions.

The district court adopted the magistrate judge's report and recommendation with respect to the propriety of imposing § 1927 sanctions and the amount of fees and costs awarded for defending the § 1983 action. However, it denied the defendants' request for fees and costs incurred in pursuit of § 1927

sanctions. [1]  Although the district court imposed sanctions on both Mr. Losavio

and Ms. Herdeck, Ms. Herdeck ultimately reached a settlement agreement with

defendants, and she is not a party to this appeal.

## DISCUSSION

### I.  Imposition of § 1927 Sanctions

### A.  Record on Appeal

Initially we note the record on appeal is insufficient in many respects to

enable this court meaningfully to review several of the factual findings by the

magistrate judge, adopted by the district court, which form the basis of the court's

imposition of § 1927 sanctions.  Our review of this appeal has, therefore, been

substantially hindered.  Mr. Losavio's initial appendix was woefully insufficient

to permit any meaningful review of the sanction order, failing to include most of

the relevant pleadings, the transcripts of the § 1927 evidentiary hearings

conducted by the magistrate judge or even the relevant orders.  Appellees urged

the sanction order be affirmed because the record on appeal was patently

---

[1]     The defendants' sought to recover $97,926 for fees incurred in pursuing
§ 1927 sanctions, significantly in excess of the $64,066 in fees they sought to
recover for defending against the § 1983 action.  Both the magistrate judge and
the district court found it incongruous that it took so much attorney time to "prove
the obvious."  Appellee's Supp. App. at 57, 63.  We think it worth repeating the
district court's observation that "'[h]ad [defendants'] initial fee request been more
reasonable, fee litigation might have been avoided.'"     *Id*. at 64 (quoting  *Cummins
v. Campbell* , 44 F.3d 847, 855 (10th Cir. 1994)).

-9-

insufficient to permit meaningful review.  *See Deines v. Vermeer Mfg. Co.* ,

969 F.2d 977, 979-80 (10th Cir. 1992) (holding that we must affirm on issues

requiring factual review if the evidentiary record is insufficient to assess the

appellant's claim of error).

Mr. Losavio then filed a motion requesting permission to file a five-volume

supplemental appendix.  We hereby grant this motion, but note that the

supplemental appendix still fails to provide an adequate record to review all

of Mr. Losavio's claims of error.  "The court need not remedy any failure by

counsel to designate an adequate record.  When the party asserting an issue fails

to provide a record sufficient for considering that issue, the court may decline to

consider it."  10th Cir. R. 10.3(B).  We will note the record deficiencies below,

where appropriate.

## B.  Multiplication of the Proceedings

Under the plain language of § 1927, in order to award sanctions, the court

must find, first, that the attorney engaged in "unreasonable and vexatious"

conduct, and second, that the "unreasonable and vexatious" conduct "multiplie[d]

the proceedings."  28 U.S.C. § 1927.  On appeal, Mr. Losavio first contends that

the district court erred in finding that his conduct multiplied the proceedings.

The magistrate judge wrote that it was "self-evident" that the entire federal

lawsuit multiplied the proceedings because after the filing of the federal action,

-10-

the "battle over the sale of the Ranch was expanded from one front (the state dissolution proceeding) to two (the state dissolution action and the federal suit)." Appellee's Supp. App. at 49. Relying upon *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014 (5th Cir. 1991), Mr. Losavio contends that because § 1927 applies only to proceedings in federal court and does not reach conduct that multiplies a state court proceeding, the district court erred in sanctioning him for conduct that multiplied separate state proceedings, not the federal proceedings before the court.

Mr. Losavio's argument misperceives the magistrate judge's findings. In *In re Case*, the Fifth Circuit prohibited a district court from awarding fees incurred in a completely separate collateral state court proceeding, holding that § 1927 does not reach conduct that cannot be construed as part of the proceedings before the court issuing the § 1927 sanctions. *See id*. at 1023. Here, unlike *In re Case*, the magistrate judge and district court did not impose sanctions because of any conduct of counsel in the state court proceedings, nor were any of the fees awarded based on fees incurred in the state court action. Rather, the magistrate judge was merely noting that the entire course of the *federal* court proceedings inherently multiplied the overall litigation between the parties. The magistrate judge then concluded that the prosecution of this federal proceeding became unreasonable and vexatious when there was no longer any factual or legal merit

-11-

to the action.  We find no error in the magistrate judge's and district court's findings that Mr. Losavio multiplied the proceedings in the federal action.

## C.  Unreasonable and Vexatious Conduct

Mr. Losavio next contends there was no evidence in the record of bad faith on his part.  He argues that the magistrate judge "second guess[ed]" plaintiffs' evidence, placing "great weight" on Mr. Crawford's recantation and on Judge Kuenhold's recusal.  Appellant's Br. at 14.  Mr. Losavio argues that the magistrate judge "assume[d] without knowing, that plaintiffs had no other evidence."  *Id*. at 15.

Subjective bad faith is not necessary to trigger sanctions under § 1927. *See Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc).  Excess costs, expenses, and attorney's fees are imposable against an attorney personally under § 1927 for conduct that, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  *Id*.  "A lawyer's reckless indifference to the law may impose substantial costs on the adverse party, [and §] 1927 permits a court to insist that the attorney bear the costs of his own lack of care."  *Id*. at 1511 (quotation omitted).

The magistrate judge carefully reviewed all of the factual and legal allegations asserted in support of plaintiffs' § 1983 complaint.  The magistrate judge explained that once Judge Kuenhold recused from the state dissolution

proceedings and Mr. Crawford recanted his testimony about a close friendship among Judge Kuenhold, John Bruce Steffens and the real estate broker, there was no longer any evidence of a civil rights conspiracy involving a state actor to support the federal § 1983 action. The magistrate judge did discuss all of the remaining factual allegations asserted by plaintiffs, but found, as a factual matter based on the totality of the evidentiary record, that plaintiffs failed to present any evidence in support of these allegations. *See* Appellee's Supp. App. at 45-46.

Further, as stated earlier, Mr. Losavio has failed to provide an adequate record to enable us meaningfully to review this finding. For example, the record does not include plaintiffs' response to defendants' motion for summary judgment on the merits of the § 1983 complaint, which would have included whatever evidence Mr. Losavio presented to the court in his effort to avoid summary judgment. *See* Fed. R. Civ. P. 56. Mr. Losavio refers only to an affidavit in the record from his associate, Ms. Herdeck, outlining, in his words, "various areas of *potential* proof" which might have supported the § 1983 claim. Appellant's Br. at 15 (emphasis added). This affidavit does not constitute evidence, nor do we find any evidence from our own review of the record presented on appeal that supports plaintiffs' § 1983 claims. *See Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (holding that to the extent a conspiracy may form the basis for a § 1983 claim, "a plaintiff must allege specific facts showing

-13-

an agreement and concerted action amongst the defendants;" conclusory allegations of conspiracy are not enough). Thus, we find no error in the magistrate judge's findings that the § 1983 claim was principally based on Mr. Crawford's affidavit and that, once recanted, there was no other factual support for the federal claims.

Mr. Losavio did not testify at the § 1927 evidentiary hearings or otherwise provide the court with any explanation for why he continued to prosecute the federal litigation after discovery revealed a lack of any evidence to support the § 1983 claims. Failure to dismiss the federal action after there was no longer any factual or legal support for the claims was objectively unreasonable conduct which justified the district court's imposition of attorneys' fees and costs incurred by defendants after that date pursuant to § 1927. Hence, we find no abuse of discretion in awarding sanctions under § 1927.

## II. Amount of Fees Imposed

When imposing an award under § 1927, the district court's order "must sufficiently express the basis for the sanctions imposed to identify the excess costs reasonably incurred by the party to whom they will be due." *Braley*, 832 F.2d at 1513. Mr. Losavio contends that the magistrate judge failed to make the necessary findings to support the amount of fees and excess costs awarded.

The Steffens defendants requested $24,191.31 in attorney fees and costs incurred defending the § 1983 action from September 5, 1996, through the date of dismissal, January 27, 1997. The Farm Credit defendants requested $10,486.63, and the State of Colorado requested $13,801.14. The Noffsker and Schoonhoven defendants requested fee awards, but these requests were denied by the court because these defendants were fully indemnified by the Steffens defendants and, thus, they had not actually incurred any fees.

The magistrate judge found that the defendants' fee requests were excessive. It noted that after Mr. Crawford recanted his testimony, defendants' appropriately filed motions for summary judgment and responded to plaintiffs' motions for discovery extensions and to file a second amended complaint, but that these motions and responses were routine and did not require complex legal analysis, and that the time devoted to these pleadings was excessive. The magistrate judge also found that the billing statements for each defendant group included excessive time for intraoffice and interoffice conferences, discussions and meetings, and reflected a significant duplication of effort by each group of defendants. The magistrate judge concluded that "each group of defendants could have reasonably protected its respective interests and fully defended this case from September 5, 1996 through January 27, 1997 for less than $10,000." Appellee's Supp. App. at 56-57. Thus, based on the magistrate judge's findings,

the district court awarded $10,000 in attorneys' fees and costs to each group of defendants.

Mr. Losavio contends that the magistrate judge committed error by "picking the amount of $10,000 out of the air." Appellant's Br. at 22. The magistrate judge conducted a full-day evidentiary hearing on the reasonableness of the requested fees. The magistrate judge questioned the witnesses in detail about each of the submitted billing statements during the hearing, and gave a detailed explanation as to why it concluded the requests were unreasonable. Mr. Losavio failed to include in the record on appeal many of the billing statements that were admitted into evidence at the hearing, and reviewed and discussed by the magistrate judge. Thus, again, we are unable meaningfully to review any of the magistrate judge's factual findings with respect to the reasonableness of the attorney fees and costs requested or ultimately awarded.

We do conclude, however, that the district court did not abuse its discretion in awarding a lesser amount than requested without providing a detailed accounting. The magistrate judge noted it was unable to apportion fees more accurately than it did because of defendants' counsels' block billing statements. "Faced with these unreasonable figures,. . . [the] district court judge--'recognizing, as he did, that some duplication or waste of effort had occurred--did not err in simply reducing the proposed 'lodestar' fee by

a reasonable amount without performing an item-by-item accounting.'" *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 906 (D.C. Cir. 1998) (quoting *Copeland v. Marshall*, 641 F.2d 880, 903 (D.C. Cir. 1980) (en banc)), *cert. denied*, 525 U.S. 1071 (1999). Finally, Mr. Losavio contends that the district court failed to consider whether defendants could have mitigated their fees and costs. We disagree. Based on the magistrate judge's findings, the district court reduced the requested attorney fees and costs incurred in defending the § 1983 action by more than $18,000 and, based on its own review of the record, disallowed all of the fees and costs that defendants had requested for pursuing the § 1927 sanctions. We find no abuse of discretion.

Appellant's motion to file a supplemental appendix is GRANTED. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-17-